JOURNAL ENTRY AND OPINION
The appellant, State of Ohio, appeals the decision of the trial court dismissing appellee Andrew Browning's indictment for murder pursuant to R.C. 2903.02. For the following reasons, we affirm the decision of the trial court.
On October 1, 1991, appellee and John Wiley lived together at appellee's apartment. At that time, Larry Wiley, John Wiley's nephew, was also present at the apartment. During the course of the evening, a fight broke out between the two roommates which led to appellee shooting John Wiley in the head and shooting Larry Wiley in the leg.
The appellee was thereafter indicted in Case No. CR-272874 on the following counts: count one, felonious assault of Larry Wiley with firearm specifications and violence specifications, and count two, felonious assault of John Wiley with identical specifications. The appellee pled guilty to the second count of the indictment and was sentenced to three to fifteen years. Pursuant to the plea agreement, there was no reference to the right to indict later if Mr. Wiley died from the shooting. (Tr. 8).
In September 1999, John Wiley died. The Cuyahoga County Coroner ruled his death a homicide as a result of the gunshot wound sustained in 1991. The appellee, who had just been released from the Grafton Correctional Institution after serving seven and one half years, was indicted in Case No. CR-286115 for murder.
The trial court dismissed the indictment pursuant to State v. Carpenter(1993), 68 Ohio St.3d 59, 623 N.E. 66. The State timely filed a notice of appeal and asserts the following two assignments of error:
 I. STATE V. CARPENTER (1993), 68 OHIO ST.3d 59, VIOLATES THE DUE PROCESS CLAUSE OF THE UNITED STATES AND OHIO CONSTITUTIONS AND VIOLATES THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.
 II. IF UPHELD AS CONSTITUTIONAL, THE HOLDING IN STATE V. CARPENTER (1993), 68 OHIO ST.3d 59, IS NARROW AND APPLIED ONLY IN CASES WHERE THE STATE KNEW, OR COULD HAVE REASONABLY ASCERTAINED, THAT THE VICTIM'S DEATH WAS LIKELY AS A RESULT OF THE ORIGINAL OFFENSE.
Appellant's first assignment of error questions the constitutionality of the Ohio Supreme Court's decision in State v. Carpenter (1993),68 Ohio St.3d 59. In the alternative, the appellant's second argument suggests that the holding in Carpenter should not extend to this particular set of circumstances.
In State v. Carpenter (1993), 68 Ohio St.3d 59, the court syllabus states:
 The state cannot indict the defendant for murder after the court has accepted a negotiated guilty plea to a lessor offense and the victim later dies of injuries sustained in the crime, unless the state expressly reserves the right to file additional charges on the record at the time of the defendant's plea.
In State ex rel. Heck v. Kessler (1995), 72 Ohio St.3d 98, the Supreme Court of Ohio stated:
 It is axiomatic that the syllabus of an opinion issued by the Supreme Court of Ohio states the law of the case, and as such, all lower courts in this state are bound to adhere to the principles set forth therein.
Further, in World Diamond, Inc. v. Hyatt Corp. (1997),121 Ohio App.3d 297, the court stated:
 All trial courts and intermediate courts of appeal are charged with accepting and enforcing the law as promulgated by the Supreme Court and are bound by and must follow the Supreme Court's decision.
This court is bound by the decisions of the Supreme Court of Ohio; therefore, based upon the decision in Carpenter, unless the state expressly reserved the right to file additional charges, on the record at the time of the defendant's plea bargain, it cannot indict if the victim later dies. Moreover, the prosecutor has shown no persuasive reason to reach a result contrary to the Carpenter syllabus. In this case, the record showed that at the time the plea bargain was made, there was no reference made by the prosecutor to a right to indict subsequently should John Wiley die as a direct result of the appellee's felonious assault. Appellant's assignments of error are both without merit.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ______________________________ FRANK D. CELEBREZZE, JR. JUDGE
DIANE KARPINSKI, P.J., AND ANN DYKE, J., CONCUR.