JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, state of Ohio, appeals from the judgment of the Cuyahoga County Court of Common Pleas that dismissed the charge against appellee, John McDonough, for receiving stolen property in violation of R.C. 2913.51. For the reasons stated below, we affirm.
 {¶ 2} The following facts give rise to this appeal. On January 24, 2004, McDonough was the subject of a traffic stop and was cited and arrested for driving under suspension in violation of R.C. 4510.16, red-light traffic signal in violation of Parma Ordinance 313.03, and use of illegal plates in violation of Parma Ordinance 335.12. On March 24, 2004, McDonough entered a plea agreement under which the state agreed to reduce the charge of driving under suspension to no operator's license in violation of Parma Ordinance 335.01, in exchange for McDonough's plea of no contest to the charges. The Parma Municipal Court judge proceeded to find McDonough guilty and sentenced him with a fine and court costs.
 {¶ 3} Based on the same incident and license plates underlying the use of illegal plates charge, the state filed a separate complaint against McDonough for receiving stolen property in violation of R.C. 2913.51. A charge was filed in Parma Municipal Court on March 15, 2004. The Cuyahoga County Grand Jury indicted McDonough on the charge on March 17, 2004.
 {¶ 4} McDonough believed that the plea agreement he entered on March 24, 2004 on the three related charges terminated the entire incident and that the state would not pursue any additional charges. McDonough moved to dismiss this case, and the trial court granted the motion.
 {¶ 5} The state brought this appeal, raising one assignment of error that provides: "The trial court erred in granting appellee's Motion to Dismiss thus barring further prosecution for receiving stolen property (of motor vehicle identification license plates) in the Cuyahoga County Court of Common Pleas."
 {¶ 6} The state argues that a comparison of the elements of receiving stolen property and use of illegal plates reflects that each requires proof of an element that the other does not, and therefore, principles of double jeopardy do not bar successive prosecutions. McDonough argues he was already placed in jeopardy once for his use of the license plate and he cannot be prosecuted again for a greater offense. McDonough also argues the state's prosecution of him for receiving stolen property is a breach of the negotiated plea agreement.
 {¶ 7} In support of his argument, McDonough relies on State v.Carpenter (1993), 68 Ohio St.3d 59. In that case, the Supreme Court of Ohio held: "The state cannot indict a defendant for murder after the court has accepted a negotiated guilty plea to a lesser offense and the victim later dies of injuries sustained in the crime, unless the state expressly reserves the right to file additional charges on the record at the time of the defendant's plea." Id. at syllabus. In Carpenter, the court recognized that "[p]lea agreements are an essential and necessary part of the administration of justice" and, therefore, "`must be attended by safeguards to insure the defendant what is reasonably due in the circumstances.'" Id., quoting Santobello v. New York (1971), 404 U.S. 257,262.
 {¶ 8} In State v. Zima, 102 Ohio St.3d at 63, the court indicated the essence of its holding in Carpenter was to require the state "to reserve its right to file additional charges based upon the contingency of the death of the alleged victim." The court declined to address the issue of whether Carpenter is to be applied expansively to all negotiated pleas. Id. Nevertheless, the court stated: "Critically, in both Carpenter andThomas, the defendant's expectation that his guilty plea would terminate the incident was inherently justified because the prosecutor and the court had jurisdiction over all the charges, both actual and potential, and because the negotiated guilty plea included the dismissal of all pending charges. In the absence of these or equivalent circumstances, however, it would be exceedingly difficult to sustain a defendant's belief that no further charges will be brought or prosecuted." Zima,102 Ohio St.3d at 64, referring to State v. Thomas (1972), 61 N.J. 314,294 A.2d 57.
 {¶ 9} The court in Zima focused on "the reasonableness of the defendant's expectation" in cases where "`all of the facts underlying the greater offense [are] known at the time of the plea.'" Id. The court indicated that "[a] defendant should be aware that a plea taken before a municipal judge with limited criminal jurisdiction might not dispose of the matter fully." Id. Nevertheless, this does not mean there can never be circumstances where a plea negotiation in a municipal court cannot be binding upon a court of common pleas. Indeed, "the judicial power to try an accused in Municipal Court springs from the same organic law that created the state court with general jurisdiction to try an accused. Thus, the state and the city are parts of a single sovereignty * * *."State v. Best (1975), 42 Ohio St.2d 530, 533, citing Waller v. Florida
(1970), 397 U.S. 387.
 {¶ 10} The facts of each case must be evaluated to determine whether a defendant has a reasonable basis to believe that a plea agreement entered in a municipal court would include the dismissal of charges brought in a court of common pleas. We find that where a defendant articulates circumstances showing the reasonableness of his belief that no further charges would be pursued after his negotiated plea was entered, the administration of justice requires the dismissal of all charges related to the incident.
 {¶ 11} In this case, the receiving stolen property charge was filed in Parma Municipal Court and was subsequently bound over to the court of common pleas. The same officer who issued the citation and the complaint for this charge in the municipal court also assisted in the case after it was transferred to the court of common pleas. Both Parma Municipal Court and the prosecutor should have been aware of this charge at the time of the plea agreement in the municipal court. Further, the charge was a pending charge that arose from the same incident and involved the same license plates that formed the basis of the charge of use of illegal plates. Under these circumstances, we find McDonough established the reasonableness of his belief that the plea agreement would dispose of the entire matter, including the receiving stolen property charge.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J., and MCMonagle, J., Concur.