{¶ 1} The City of Cleveland appeals from the order of the trial court that dismissed charges against defendant Mark Stoutemire for carrying an unregistered handgun. For the reasons set forth below, we affirm.
 {¶ 2} On February 23, 2006, Defendant, a resident of Cleveland Heights, was charged with possessing an unregistered handgun in violation of C.C.O. 674.02. In relevant part, this ordinance prohibits the possession of a handgun without having an identification card and a registration card. C.C.O. 674.06 provides, however, an exemption for a "nonresident of the City who holds and exhibits upon request a valid permit[.]" In April 2006, defendant requested discovery from the prosecuting attorney. In response, the prosecuting attorney indicated that defendant "upon being removed from his vehicle, stated that he has a CCW permit" but did not list the permit as an item of evidence to be presented at trial. At a pretrial conference on April 6, 2006, defendant's counsel informed the court that defendant had a permit for the weapon which he presented to the officers at the time of his arrest. The prosecuting attorney did not know whether defendant actually presented the permit or simply informed the officers that he had a permit for the weapon. The matter was then continued until May 4, 2006. On this date, defendant's attorney noted that the police file indicates that police seized the permit at the time of defendant's arrest and that the permit was in the custody of the Cleveland Police. The trial court verified counsel's contention that the arresting officers seized the permit from defendant and *Page 5 
the court then dismissed the case.
 {¶ 3} The City of Cleveland now appeals, and assigns one error for our review.
 {¶ 4} The city's sole assignment of error states:
 {¶ 5} "The trial court committed reversible error when it dismissed this case without stating on the record its finding of fact and reasons."
 {¶ 6} Within this assignment of error, the city claims that the court erred in failing to provide its finding of fact and reasons for the dismissal. The city additionally claims that defendant's presentation of a permit to the arresting officers is insufficient to justify the dismissal of the charge.
 {¶ 7} With regard to the state's first contention, we note that Crim.R. 48 provides that "[i]f the court over the objection of the State dismisses an indictment, information, or complaint, it shall state on the record its findings of fact and reasons for the dismissal."
 {¶ 8} We further note, however, that the failure of the trial court to prepare written findings of fact and reasons for the dismissal is harmless error when the record itself is clear as to the basis for the court's action. State v. Nelson (1977), 51 Ohio App.2d 31,365 N.E.2d 1268.
 {¶ 9} In this matter, the transcript of the proceedings clearly identifies the rationale for the trial court's ruling. The failure to reduce this rationale to writing did not prejudice the city and is harmless as a matter of law. *Page 6 
 {¶ 10} With regard to the second contention, we note that it is axiomatic that exculpatory evidence must be disclosed. Brady v.Maryland (1963), 373 U.S. 83, 83 S. Ct. 1194, 10 L.Ed.2d 215. Moreover, pursuant to Crim.R. 16(E), a court may make such other order as it deems just where there has been a failure of discovery. The court retains its options, including dismissal, regardless of whether the state's actions were intentional. State v. Smith (August 10, 2001), Ashtabula App. No. 2000-A-0052. In this instance, we conclude that at minimum, evidence that defendant submitted a permit to the arresting officers was material to the preparation of the defense. Disclosure of this evidence was accomplished only after repeated requests of the defense attorney and specific instruction from the trial court. Therefore, under the unique circumstances of this case, we conclude that the trial court acted within its discretion in dismissing the case. Accord State v.Smith, supra; State v. Sullivan (Aug. 6, 1990), Tuscarawas App. No. 89AP120094 (where the state, through no fault of the prosecutor, failed to timely provide the defendant with exculpatory evidence, trial court properly dismissed case).
 {¶ 11} In accordance with the foregoing, we conclude that the city's assignment of error is not well-taken.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the *Page 7 
Cleveland Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY EILEEN KILBANE, P.J., and MELODY J. STEWART, J., CONCUR.