DECISION AND JUDGMENT
{¶ 1} This is an appeal from a judgment of the Wood County Court of Common Pleas which found appellant guilty, pursuant to a negotiated plea agreement, of one amended count of obstruction of justice, in violation of R.C. 2921.32. For all of the reasons set forth below, this court affirms the judgment of the trial court. *Page 2 
 {¶ 2} Appellant, Raymond Cervantes, sets forth the following sole assignment of error:
 {¶ 3} "APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF HIS RIGHTS UNDER THE SIXTH ANDFOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, § 10 OF THE CONSTITUTION OF THE STATE OF OHIO."
 {¶ 4} The following undisputed facts are relevant to the issues raised on appeal. On June 25, 2006, an Ohio State Highway Patrol officer observed a black SUV commit a marked lane traffic violation while traveling northbound on I-75. In response, the trooper initiated a traffic stop, exited his patrol car, and began to approach the offender's vehicle. The SUV initially stopped, then fled the scene at a high rate of speed. These events triggered a high-speed chase into a residential section of Northwood, Ohio.
 {¶ 5} During the ensuing pursuit, responding officers ultimately located the SUV parked behind a Northwood residence with footprints still visible adjacent to the vehicle. Eyewitness neighbors reported that the SUV had recently arrived at the residence traveling at a high rate of speed and without the vehicle lights on despite the dark conditions.
 {¶ 6} The police were given consent to search the premises by appellant's sister-in-law, who resides in the home with her husband, appellant's brother, Robert Cervantes. The police discovered appellant hiding in a darkened bedroom. The keys to the black SUV were recovered adjacent to appellant. Responding officers observed the odor of *Page 3 
alcohol upon appellant's breath. Appellant's girlfriend, the owner of the SUV, verified that appellant had been in possession of both the SUV and the only set of keys to the SUV on the night of the incident.
 {¶ 7} On October 4, 2007, appellant was indicted on one count of failure to comply, in violation of R.C. 2921.331(B), a third-degree felony. On April 4, 2008, appellant entered a negotiated plea of guilty to one amended charge of obstruction of justice, in violation of R.C. 2921.32, a fifth-degree felony. On June 2, 2008, appellant was sentenced to three years of community control with a suspended twelve-month term of incarceration. Timely notice of appeal was filed.
 {¶ 8} In his single assignment of error, appellant asserts that he received ineffective assistance of counsel in the resolution of the criminal case against him. In support, appellant unilaterally asserts that trial counsel "intimidated" him into accepting the plea agreement. The proffered basis for this assertion was trial counsel's conveying of his frank professional assessment to appellant that they would not prevail in the case at trial.
 {¶ 9} In conjunction with this, appellant also asserts that trial counsel was ineffective in stipulating that the state was reserving its right to refile the charge for which appellant was originally indicted if facts were discovered in the future that so warranted.
 {¶ 10} It is well-established that in order to prevail on a claim of ineffective assistance of counsel, appellant must demonstrate that trial counsel's conduct so *Page 4 
undermined the proper functioning of the adversarial process that the trial court cannot be relied upon as having produced a just result. Strickland v. Washington (1984), 466 U.S. 668, 686. The standard of proof requires appellant to satisfy a two-pronged test. First, appellant must show that counsel's representation fell below an objective standard of reasonableness. Second, appellant must show by a reasonable probability that, but for counsel's perceived errors, the results of the proceeding would have been different. Id. Appellant's burden of proof is further heightened given the presumption that a properly licensed attorney is presumed competent. State v. Hamblin (1988), 37 Ohio St. 3d 153, 156.
 {¶ 11} We have carefully reviewed the record for any objective or compelling indicia that but for the perceived errors of counsel, the outcome would have been different. There simply is no such evidence in the record. On the contrary, the record demonstrates that the conduct of trial counsel characterized by appellant as intimidation represented nothing more than counsel's straightforward professional assessment of the strength of appellant's case.
 {¶ 12} We likewise find no merit to appellant's contention that trial counsel was ineffective in stipulating that the prosecution was reserving its right to refile the original charge against appellant if future facts were revealed that warranted such action. Such reservations of the right to refile are common practice in the course of negotiated plea agreements in the criminal justice system. Such reservations of right to refile are *Page 5 
required to be expressly stated on the record. State v.Carpenter (1993), 68 Ohio St.3d 59. This was done in the matter at hand.
 {¶ 13} More significantly, appellant's conduct in fleeing from the Ohio State Highway Patrol during a legitimate traffic stop, necessitating a high-speed chase going from I-75 into residential areas, comprises the originally charged offense. Appellant's conduct in not being truthful during the subsequent investigation by multiple police agencies comprises a separate, distinguishable offense. Under these circumstances, counsel's conduct in stipulating to the state's reserving the right to refile cannot reasonably be construed as an incursion upon appellant's double jeopardy rights so as to be deemed ineffective assistance of counsel. We find appellant's assignment of error not well-taken.
 {¶ 14} On consideration whereof, the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4. *Page 6 
Mark L. Pietrykowski, J., Arlene Singer, J., Thomas J. Osowik, J., CONCUR. *Page 1