Lundberg Stratton, J.,
dissenting.
{¶ 29} I respectfully dissent. For the reasons that follow, I 'would hold that Dye’s original guilty plea was not a “negotiated guilty plea” within the meaning of State v. Carpenter (1993), 68 Ohio St.3d 59, 623 N.E.2d 66, syllabus, and accordingly, his conviction for aggravated vehicular homicide under R.C. 2903.06(A)(1)(a) is not barred.
{¶ 30} At the outset, the holding in Caiyenter is not compelled by the Double Jeopardy Clause of the Fifth and Fourteenth Amendments to the United States Constitution. The Double Jeopardy Clause provides: “[N]o person * * * shall be subject for the same offence to be twice put in jeopardy of life or limb” and generally bars a successive prosecution for the “same” offense. See Blockburger v. United States (1932), 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306; Gavieres v. United States (1911), 220 U.S. 338, 342, 31 S.Ct. 421, 55 L.Ed. 489.[3] The *365 principal element of a homicide offense is the death of the victim, and that element is not part of an assault charge. If at the time of the guilty plea to the assault charge, the victim has not died, the final element of the homicide charge has not occurred. See Diaz v. United States (1912), 223 U.S. 442, 449, 32 S.Ct. 250, 56 L.Ed. 500 (only at the time of the victim’s death, “and not before, [is] it possible to put the accused in jeopardy for that [homicide] offense”). Accord Brown v. Ohio (1977), 432 U.S. 161, 169, 97 S.Ct. 2221, 53 L.Ed.2d 187, fn. 7.
{¶ 31} Thus, when the victim dies after the defendant has pleaded guilty to an offense other than homicide, that plea does not of itself bar the state under double jeopardy principles from prosecuting the defendant for the homicide. See generally State v. Thomas (1980), 61 Ohio St.2d 254, 262, 15 O.O.3d 262, 400 N.E.2d 897, overruled on other grounds, State v. Crago (1990), 53 Ohio St.3d 243, 559 N.E.2d 1353 (“The courts have long held that where a fact necessary to the commission of one offense occurs after the defendant has been convicted of another offense, multiple prosecutions are not barred by the Double Jeopardy Clause”).
{¶ 32} Instead, the basis for our concern for the defendant’s expectation that he would not face additional prosecution was the “negotiated guilty plea.” Carpenter, 68 Ohio St.3d 59, 623 N.E.2d 66, syllabus. Carpenter noted that the guilty plea had followed “plea negotiations with the state.” Id. at 60, 623 N.E.2d 66. The opinion does not describe the substance of the plea agreement, but the court observed that Carpenter did not plead guilty to felonious assault, the crime charged in the indictment, but instead to attempted felonious assault, a lesser included offense of felonious assault. Id. Additionally, Carpenter was sentenced to the minimum prison term for attempted assault, and the court noted that the “state had agreed to recommend” that minimum sentence. Id. The lesser charge, combined with the state’s favorable sentencing recommendation, indicated that a negotiated plea agreement had been reached in that case.
{¶ 33} I agree with the cases cited by the majority. However, I believe that their application to this case merits a different result. In this case, the state maintains that there was no plea agreement and that Dye effectively pleaded guilty to the indictment in the first case. Dye pleaded guilty to both counts of the first indictment. While he pleaded guilty only to the first of the three specifications attached to the charge of aggravated vehicular assault, that specification carried the most serious consequences for the defendant. It not only imposed a mandatory prison term (as did the other specifications that were dismissed), but it included a mandatory permanent revocation of Dye’s driver’s license. Further, the dismissal of the other two specifications did not affect Dye’s sentence.
*366 {¶ 34} The state sought the maximum sentence, which was imposed. The state contends that Dye did not gain a reduced charge, a more favorable sentencing recommendation, or anything else that one would expect from a negotiated plea agreement. Dye, on the other hand, contends that the dismissal of two of the three specifications shows that there was a negotiated plea agreement. He also argues that the state’s comments to the effect that the prosecutor had assumed that Dye’s bond would be continued pending sentencing (and that he had so represented to Dye and his counsel) show that a negotiated plea existed, because the trial judge had been prepared to revoke Dye’s bond.
{¶ 35} The record does not contain the details of a plea agreement. However, Dye essentially pleaded guilty to the crimes charged. The state requested a maximum sentence, which was imposed. There was no negotiated reduced plea or plea bargain. The dismissal of the two specifications to the charge of aggravated vehicular assault did not result in a reduced sentence. Dye received no more lenient a sentence than he would have if he had been found guilty at trial.
{¶ 36} The fact that there is a written entry memorializing defendant’s guilty plea is not dispositive of the characterization of the plea as a “negotiated guilty plea.” The guilty plea form’s recitation that “No promises other than those which are part of this plea agreement have been made” does not prove a “negotiated guilty plea” within the meaning of Carpenter. The written entry is on a form used for guilty pleas. Thus, the typed words “plea agreement” that appeared as part of the form do not suffice of themselves to satisfy Carpenter’s requirement of a negotiated guilty plea.
{¶ 37} The record regarding the continuation of bond does not unequivocally support appellee’s position. The judge inquired of the assistant prosecutor about continuation of the bond: “Had you made an agreement?” The prosecutor responded: “I had assumed that bond was continued. We had represented to the Defendant that that would happen.” The judge then asked the prosecutor: “You would recommend that?” and the prosecutor replied affirmatively. Upon being asked by the judge whether he had been involved with this case previously, the prosecutor responded: “Yes. That’s what we had agreed to with the same conditions, one, no driving, and two, no drug and alcohol use pending the presentence report. We are also asking that a victim impact statement be ordered.” The court then continued the bond for Dye. At most, this brief discussion shows an agreement with regard to the continuation of bond pending sentencing on the terms earlier provided. And a bond is not part of a sentence. A bond only provides assurance that the defendant will appear for trial. When considered with the substance of the plea — essentially pleading guilty to the offense charged — and the state’s sentencing recommendation of the maximum *367 sentence, the trial court’s conclusion that Dye’s plea was not a “negotiated guilty plea” within the meaning of Carpenter is not error.
Charles E. Coulson, Lake County Prosecuting Attorney, and Teri R. Daniel, Assistant Prosecuting Attorney, for appellant.
Blakemore, Meeker & Bowler Co., L.P.A., and Michael B. Bowler, for appellee.
{¶ 38} I agree with the court of appeals that any time a defendant enters a guilty plea, he or she will have relinquished the right to a trial at which the defendant could be acquitted, and the state gains the benefit of obtaining a conviction without having to go to trial. State v. Dye, Lake App. No. 2008-L-106, 2009-Ohio-2949, 2009 WL 1743986, at ¶ 28. But to hold that this detriment to the defendant and benefit to the state — which will be true of every guilty plea- — -amounts to a negotiated plea agreement under Carpenter is to read that case’s holding too broadly. Under that reading, any guilty plea would be considered “negotiated.” That is not what Carpenter held. Instead, Carpenter addresses those guilty pleas in which both the state and the defendant understand at the time of the agreement that the state does not intend to seek further prosecution of the defendant for the incident, even if the victim later dies from injuries suffered from the incident. Not every guilty plea will satisfy that condition.
{¶ 39} Because Dye’s 1999 plea was not a “negotiated guilty plea” within the meaning of Carpenter, I believe that the state had no duty to expressly reserve the right to file additional charges in the event of the death of the victim. Accordingly, I would hold that the state was not precluded from bringing the aggravated-vehicular-homicide charge against Dye after the victim died. I respectfully dissent.

. In determining whether an offense is the “same” for double-jeopardy purposes, courts employ the “same elements” test of Blockburger, 284 U.S. at 304, 52 S.Ct. 180, 76 L.Ed. 306. The same-elements test inquires as to whether each offense contains an element not included in the other: if not, they are the “same offence,” and the Double Jeopardy Clause bars successive prosecution. United States v. Dixon (1993), 509 U.S. 688, 696, 113 S.Ct. 2849, 125 L.Ed.2d 556.