[Cite as *State v. Neal*, **2015-Ohio-3666.**]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                     Court of Appeals No. L-13-1157

　　　Appellee                                  Trial Court No. CR0200902368

v.

Rochelle Neal                                **DECISION AND JUDGMENT**

　　　Appellant                              Decided:  September 10, 2015

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
David F. Cooper, Assistant Prosecuting Attorney, for appellee.

J. Peter Millon and Sarah K. Skow, for appellant.

* * * * *

**JENSEN, J.**

{¶ 1} Appellant, Rochelle Neal, appeals from a judgment of the Lucas County

Court of Common Pleas that denied his petition for postconviction relief.  Finding that

the petition was properly denied, we affirm the judgment of the Lucas County Court of

Common Pleas.

{¶ 2} On May 29, 2007, in case No. CR0200702127, appellant was indicted by the Lucas County Grand Jury on one count of felonious assault, in violation of R.C. 2903.11(A)(1), a felony of the second degree. On September 25, 2007, appellant entered a plea of guilty pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), to the lesser included offense of attempted felonious assault, in violation of R.C. 2923.02(A) and 2903.11(A)(1), a felony of the third degree. Appellant was sentenced to two years in prison.

{¶ 3} On January 11, 2009, the victim died. Three months later, in case No. CR0200900731, appellant was indicted by the grand jury on one count of murder, in violation of R.C. 2903.02(B) and 2929.02.

{¶ 4} On July 15, 2009, the Lucas County prosecutor filed an information charging appellant with involuntary manslaughter, a violation of R.C. 2903.04(A), a felony of the first degree. The following day, appellant entered an *Alford* plea to that charge. Appellant was sentenced to nine years in prison, to be served concurrently with the two-year prison sentence imposed in case No. CR0200702127. A nolle prosequi was entered on the murder charge in case No. CR0200900731.

{¶ 5} On May 23, 2013, appellant pro se, moved to vacate the involuntary manslaughter conviction pursuant to the Ohio Supreme Court's decision in *State v. Carpenter*, 68 Ohio St.3d 59, 623 N.E.2d 66 (1993). The trial court denied the motion asserting, in part, that the argument could have been raised on direct appeal and was, therefore, barred under the doctrine of res judicata.

2.

**{¶ 6}** In his brief, appellant has raised two assignments of error for our consideration.

  I.  Appellant's conviction in Case No. CR09-2368 must be vacated because the Trial Court erred in denying Defendant-Appellant['s] Motion to Vacate the Judgment based on an improper application of [*Carpenter*].

  II.  The Appellant was denied his right to due process under the Fifth and Fourteenth Amendments to the United States Constitution when the State failed to disclose their knowledge of the victim's medical condition to the trial court.

**{¶ 7}** In his first assignment of error, appellant argues that the trial court did not properly apply the Supreme Court's ruling in *Carpenter*,[1] *supra*, when it denied his motion to vacate his conviction for involuntary manslaughter.  In his second assignment of error, appellant asserts that he was denied due process when the trial court refused to allow a hearing on his motion to vacate.  Since common legal principles are determinative of both assignments of error, we will consider them together.

**{¶ 8}** Appellant's May 23, 2013 motion to vacate judgment and void plea agreement, despite its caption, meets the definition of a motion for postconviction relief

---

[1] In *Carpenter*, the Supreme Court of Ohio held that the "state cannot indict a defendant for murder after the court has accepted a negotiated guilty plea to a lesser offense and the victim later dies of injuries sustained in the crime, unless the state expressly reserves the right to file additional charges on the record at the time of the defendant's plea." *Carpenter* at syllabus.

set forth in R.C. 2953.21(A)(1). *See State v. Reynolds*, 79 Ohio St.3d 158, 160, 679 N.E.2d 1131 (1997).

{¶ 9} Pursuant to R.C. 2953.21(A)(2), if no direct appeal is taken from the judgment of conviction, a petition for postconviction relief must be filed no later than 180 days after the expiration of the time for filing the appeal. In this case, appellant was convicted and sentenced on August 4, 2009, and did not file his petition until June 18, 2013, which is more than three and one-half years beyond the statutory time limit.

{¶ 10} A trial court has no jurisdiction to consider an untimely petition for postconviction relief unless the untimeliness is excused under R.C. 2953.23(A)(1). *See State v. Gonzales*, 6th Dist. No. WD-09-078, 2010-Ohio-4703, ¶ 15. Pursuant to R.C. 2953.23(A)(1)(a), an untimely petition may be entertained if the petitioner shows either (1) that he or she was unavoidably prevented from discovering facts necessary to assert the claim for relief, or (2) that the United States Supreme Court recognized a new federal or state right that applies retroactively to a person in the petitioner's situation.

{¶ 11} Here, appellant argues that prior to the plea agreement in case No. CR0200702127, the state knew the victim would likely die from her injuries. Appellant asserts that he was unavoidably prevented from discovery of facts necessary to assert his claim because "[o]nly the State was aware of what it actually knew, and the State did not disclose this information to appellant." We are unpersuaded by appellant's argument because the state's awareness has no bearing on how appellant was allegedly unavoidably delayed in timely filing his petition for postconviction relief.

4.

**{¶ 12}** Further, if appellant, at the time he entered the plea in case No. CR0200702127, had any expectation that the plea would end criminal prosecution based on the incident, he should have made that expectation known prior to the expiration of the statutory time limit for postconviction petitions in this case. *See State v. Harrison,* 122 Ohio St.3d 512, 2009-Ohio-3547, 912 N.E.2d 1106, ¶ 45 ("The focus in *Carpenter* was on the reasonableness of the defendant's belief that the plea agreement would terminate any future charges based upon the same incident.").

**{¶ 13}** Finally, we agree with the trial court's conclusion that appellant's petition for postconviction relief was barred by the doctrine of res judicata. "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967).

**{¶ 14}** In this case, appellant could have raised the *Carpenter* holding as a defense to the information charging involuntary manslaughter, or on an appeal from the judgment entered as a result of his plea to that offense. He failed to do so.

**{¶ 15}** Pursuant to the above, appellant's first and second assignments of errors are not well-taken. The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24(A).

Judgment affirmed.

5.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.          _____
                                                      JUDGE

Arlene Singer, J.                      

                                                 _____
James D. Jensen, J.                               JUDGE
CONCUR.

                                                 _____
                                                      JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.