[Cite as *State v. McCullough*, 2018-Ohio-1967.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 105959**

---

**STATE OF OHIO**

PLAINTIFF-APPELLANT

vs.

**ANDRE D. McCULLOUGH, JR.**

DEFENDANT-APPELLEE

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-611782-A

**BEFORE:** Laster Mays, J., Boyle, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** May 17, 2018

-i-

**ATTORNEYS FOR APPELLANT**

Michael C. O'Malley
Cuyahoga County Prosecutor

By: Erica Johnson
Christopher D. Schroeder
Assistant County Prosecutors
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Mark Stanton
Cuyahoga County Public Defender

By: Paul Kuzmins
John T. Martin
Assistant County Public Defenders
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113


ANITA LASTER MAYS, J.:

{¶1} The plaintiff-appellant the state of Ohio appeals the trial court's decision to dismiss the indictment against defendant-appellee Andre D. McCullough Jr. ("McCullough"). We affirm the trial court's decision.

{¶2} On November 3, 2016, McCullough was charged in Cleveland Municipal Court with six misdemeanor offenses: driving while under the influence of alcohol/drugs, in violation of Cleveland Codified Ordinance 433.01(a)(1); operating a vehicle under the influence of alcohol, in violation of R.C. 4511.19(A)(1)(h); driving under suspension, in violation of Cleveland

Codified Ordinance 435.07; failure to stop, in violation of Cleveland Codified Ordinance 435.15; weaving, in violation of Cleveland Codified Ordinance 431.34(B); and failure to control, in violation of Cleveland Codified Ordinance 431.34(A). On November 29, 2016, McCullough pleaded no contest to driving while under the influence of alcohol/drugs, and the city nolled the other charges. On December 13, 2016, after McCullough's plea to the misdemeanor charges, he was charged in Cuyahoga County Common Pleas Court with failure to comply, a third-degree felony, in violation of R.C. 2921.331(B); driving while under the influence, a first-degree misdemeanor, in violation of R.C. 4511.19(A)(1)(a); and driving while under the influence, a first-degree misdemeanor, in violation of R.C. 4511.19(A)(1)(h).

{¶3} On January 10, 2017, McCullough appeared for sentencing in Cleveland Municipal Court and was sentenced to ten days in jail, ordered to attend Alcoholic Anonymous meetings three times a week, and had his license suspended for two years.

{¶4} On May 22, 2017, McCullough filed a motion to dismiss on double jeopardy grounds. He argued that double jeopardy precluded the state from prosecuting him again on all three counts in the indictment because he was already charged, convicted, and sentenced by the Cleveland Municipal Court. The state conceded that McCullough's conviction in the municipal court barred them from charging him of violating R.C. 4511.19(A)(1)(a) and R.C. 4511.19(A)(1)(h). However the state did not agree that charging him with R.C. 2921.331(B) was barred by double jeopardy because that violation was not identical to a violation of Cleveland Codified Ordinance 433.01(a)(1).

{¶5} The trial held an oral hearing on McCullough's motion to dismiss. During that hearing, McCullough stated that the state sent information about the indictment to the incorrect address, and he did not receive any notice until after he was sentenced in January. The trial

issued a journal entry stating that the motion to dismiss was granted, but did not state its reasons in the journal entry. As a result, the state filed an appeal assigning three errors for our review:

I. The trial court erred by dismissing Count 3, failure to comply, on double jeopardy grounds as a successive prosecution for the same offense because failure to comply is not the same offense as driving while under the influence;

II. The trial court erred by finding that McCullough had a reasonable belief that his no contest plea in municipal court to driving while under the influence would terminate unrelated felony charges; and

III. The trial court failed to state on the record its finding of fact and reasons for dismissing the indictment as required under Crim.R. 48(B), and those findings of fact and reasons are not apparent from the record.

However, McCullough concedes, on the first assignment of error, that the two charges are not in violation of his double jeopardy rights. We will review the remaining the two errors.

## I. Termination of Felony Charges

### A. Standard of Review

{¶6} "We review a trial court's decision on a motion to dismiss an indictment pursuant to a de novo standard of review. De novo review requires an independent review of the trial court's decision without any deference to the trial court's determination." (Citations omitted.) *State v. Knox*, 8th Dist. Cuyahoga Nos. 103662 and 103664, 2016-Ohio-5519, ¶ 12.

### B. Law and Analysis

{¶7} In the state's second assignment of error, they argue that the trial court erred by granting McCullough's motion to dismiss. Because the trial court did not state their reasons in the journal entry, it cannot be determined if their reason to dismiss was because McCullough had a reasonable belief that his no contest plea in municipal court would terminate unrelated felony charges.

{¶8} The state argues that the decision in *State v. Zima*, 102 Ohio St.3d 61, 2004-Ohio-1807, 806 N.E.2d 542, controls our decision in this case because the facts are analogous. However, we disagree. In *Zima*,

> [o]n July 6, 2001, the city of Cleveland filed a complaint in the Cleveland Municipal Court charging Zima with driving under the influence in violation of Cleveland Codified Ordinances 433.01(a)(1), driving under suspension, failure to yield, and failure to wear a seatbelt. On August 23, 2001, a Cuyahoga County Grand Jury returned a three-count indictment against Zima, charging her with aggravated vehicular assault in violation of R.C. 2903.08 on the basis that she was driving under the influence, aggravated vehicular assault in violation of R.C. 2903.08 on the basis that she was driving recklessly, and driving under the influence in violation of R.C. 4511.19.
>
> On August 27, 2001, after plea negotiations with the city, Zima entered a no-contest plea in municipal court to the charge of driving under the influence, for which she was found guilty. As part of the plea agreement, the city nolled the three remaining municipal charges. It is undisputed that Zima was not aware of the indictment at the time of her plea.
>
> After her sentencing in municipal court, Zima moved to dismiss the state charges in common pleas court on grounds of double jeopardy. On December 28, 2001, the Cuyahoga County Court of Common Pleas granted Zima's motion to dismiss, finding that pursuant to *State v. Best*, 42 Ohio St.2d 530, 330 N.E.2d 421 (1975), and *State v. Carpenter*, 68 Ohio St.3d 59, 623 N.E.2d 66 (1993), "double jeopardy attached" to bar the "additional felony charges."

*Id*. at ¶ 1-3.

> {¶9} The Supreme Court of Ohio reasoned that,

> [w]hen Zima entered her plea in municipal court on August 27, 2001, she had already been indicted for aggravated vehicular assault. Neither the municipal court nor the city prosecutor had the authority to dismiss those pending felony charges. See R.C. 1901.20. Although Zima may not have been aware of the indictment at the time of her plea, we agree with the observation of one of the judges on the appellate panel that "[a] defendant should be aware that a plea taken before a municipal judge with limited criminal jurisdiction might not dispose of the matter fully. Therefore, Zima cannot simply rely on an implied representation that no further charges would be brought but must articulate the circumstances showing why her belief was reasonable in this case, which she has failed to do." (Citations omitted.)

*Id*. at ¶ 14.

**{¶10}** However, the facts in this case are different. McCullough had reached a plea agreement with the city and pleaded no contest to the charges in municipal court, *then* he was indicted in common pleas court. In *Zima*, the appellant was indicted in common pleas court *before* she pleaded in municipal court.

**{¶11}** We believe that the facts in *State v. Dunbar*, 8th Dist. Cuyahoga No. 87317, 2007-Ohio-3261 are more analogous with the facts in our case.

> The victim filed a complaint against Dunbar with the Cleveland Police Department on November 20, 2004. Six days later, in Cleveland Municipal Court, Case No. 2004CRB037418, Dunbar was charged with domestic violence, in violation of R.C. 2919.25, stemming from the November 7, 2004 incident. On December 7, 2004, Dunbar entered a plea of no contest to the charge and was sentenced to one hundred eighty days in the Cleveland Workhouse.
>
> On January 7, 2005, Dunbar was indicted by the Cuyahoga County Grand Jury on three counts of abduction, in violation of R.C. 2905.02, felonies of the third degree, and one count of domestic violence, in violation of R.C. 2919.25. These charges arose from the November 7, 2004 incident. Dunbar entered a plea of not guilty to the charges.

*Id*. at ¶ 3-4.

**{¶12}** Like in *Dunbar*, McCullough was indicted by the state after he pleaded no contest in municipal court from facts stemming from the same incident. Dunbar, like McCullough, contends that the "successive prosecution violated his understanding at the time he entered the no contest plea to domestic violence, that such an undertaking would resolve the case for good and that no further charges based on the incident would be pursued." *Id*. at ¶ 15. This court, in *Dunbar*, held that Dunbar "has not articulated circumstances showing why his belief that his plea in the municipal court would bar subsequent prosecutions in the common pleas court." *Id*. at ¶ 25. Dunbar's assignment of error was ruled to be without merit.

**{¶13}** McCullough argues that our decision in *State v. McDonough*, 8th Dist. Cuyahoga No. 84766, 2005-Ohio-1315, should govern our decision in this instant case. In *McDonough*, we determined that

> [t]he facts of each case must be evaluated to determine whether a defendant has a reasonable basis to believe that a plea agreement entered in a municipal court would include the dismissal of charges brought in a court of common pleas. We find that where a defendant articulates circumstances showing the reasonableness of his belief that no further charges would be pursued after his negotiated plea was entered, the administration of justice requires the dismissal of all charges related to the incident.

*Id.* at ¶ 10.

**{¶14}** In support of his argument, McCullough also relies on *State v. Carpenter*, 68 Ohio St.3d 59, 623 N.E.2d 66 (1993). The Supreme Court of Ohio held that "[t]he state cannot indict a defendant for murder after the court has accepted a negotiated guilty plea to a lesser offense and the victim later dies of injuries sustained in the crime, unless the state expressly reserves the right to file additional charges on the record at the time of the defendant's plea." *Id*. at syllabus. "The court declined to address the issue of whether *Carpenter* is to be applied expansively to all negotiated pleas." *McDonough* at ¶ 8; *Zima* at ¶ 10.

> Nevertheless, the court stated: "Critically, in both Carpenter and Thomas, the defendant's expectation that his guilty plea would terminate the incident was inherently justified because the prosecutor and the court had jurisdiction over all the charges, both actual and potential, and because the negotiated guilty plea included the dismissal of all pending charges. In the absence of these or equivalent circumstances, however, it would be exceedingly difficult to sustain a defendant's belief that no further charges will be brought or prosecuted." *Zima*, 102 Ohio St. 3d at 64, 2004-Ohio-1807, 806 N.E.2d 542 referring to *State v. Thomas*, 61 N.J. 314, 294 A.2d 57 (1972).

*McDonough* at ¶ 8.

**{¶15}** We also noted in *McDonough* that

[t]he court indicated that "[a] defendant should be aware that a plea taken before a

municipal judge with limited criminal jurisdiction might not dispose of the matter fully." *Zima*, ¶ 14. Nevertheless, this does not mean there can never be circumstances where a plea negotiation in a municipal court cannot be binding upon a court of common pleas.

*Id*. at ¶ 9.

**{¶16}** Given the facts and circumstances of the instant case, it is reasonable to believe that McCullough had a reasonable expectation that he would not be subject to additional charges after negotiating a plea. The trial court echoed this point when it stated,

> what [McCullough's Attorney] is basically arguing is you have this criminal conduct that is arguably both, consists of misdemeanor offenses and felony offenses. They negotiate a plea agreement down there. The defendant is not told — is not told that in spite of resolving the case at the misdemeanor level that he may face felony charges as well.

(Tr. 19.) In conjunction with the fact that McCullough was not put on notice that the state had filed felony charges against him arising out of the same criminal conduct, we find that McCullough could not have reasonably expected these additional charges. We, therefore, affirm the trial court's decision to grant McCullough's motion dismiss, and overrule the state's second assignment of error.

## II. Crim.R. 48(B)

**{¶17}** In the state's third assignment of error, they contend that the trial court failed to state on the record its findings of fact and reasons for dismissing the indictment as required under Crim.R. 48(B), and those findings of fact and reasons are not apparent from the record. Crim.R. 48 provides that "[i]f the court over the objection of the [s]tate dismisses an indictment, information, or complaint, it shall state on the record its findings of fact and reasons for the dismissal." However, "the failure of the trial court to prepare written findings of fact and reasons for the dismissal is harmless error when the record itself is clear as to the basis for the

court's action.   *State v. Nelson*, 51 Ohio App.2d 31, 365 N.E.2d 1268 (1977)."   *Cleveland v. Stoutemire*, 8th Dist. Cuyahoga No. 88257, 2007-Ohio-721, ¶ 8.

**{¶18}** We believe that the transcript of the proceedings clearly identifies the rationale for the trial court's ruling.   The failure to reduce this rationale to writing did not prejudice the state and is harmless as a matter of law.   Therefore, we overrule the state's third assignment of error.

**{¶19}** Judgment is affirmed.

It is ordered that the appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

PATRICIA ANN BLACKMON, J., CONCURS;
MARY J. BOYLE, P.J., CONCURS IN JUDGMENT ONLY