[Cite as *State v. Stiles*, 2020-Ohio-5419.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-190715 |
| | | TRIAL NO. B-1904608 |
| Plaintiff-Appellant, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| TERRY STILES, | : | |
| Defendant-Appellee. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: November 25, 2020

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, *Ronald W. Springman,* Assistant Prosecuting Attorney, and *Phil Cummings,* Assistant Prosecuting Attorney, for Plaintiff-Appellant,

*Bradley Fox* and *Wilkes Ellsworth*, for Defendant-Appellee.

**CROUSE, Judge.**

{¶1}    In 2005, defendant-appellee Terry Stiles struck Carl Leggett, then a five-month-old baby, in the head and shook him, causing severe and permanent injuries.  Stiles pled guilty to felonious assault and was sentenced to eight years in prison, the maximum allowed by law.  In 2019, Carl died.  The coroner determined that his death resulted from the injuries inflicted by Stiles.  The state indicted Stiles for murder.  Stiles filed a motion to dismiss the indictment on the basis that at the 2005 plea hearing, the state failed to reserve the right to pursue future charges should Carl die as a result of his injuries.  The trial court granted the motion to dismiss.

{¶2}    The state has appealed, and argues in one assignment of error that the trial court erred in dismissing the murder indictment against Stiles.  For the reasons discussed below, the assignment of error is overruled and the judgment of the trial court is affirmed.

### Sole Assignment of Error

{¶3}    In *State v. Carpenter*, 68 Ohio St.3d 59, 623 N.E.2d 66 (1993), syllabus, the Ohio Supreme Court held,

> The state cannot indict a defendant for murder after the court has accepted a negotiated guilty plea to a lesser offense and the victim later dies of injuries sustained in the crime, unless the state expressly reserves the right to file additional charges on the record at the time of the defendant's plea.

{**¶4**}   Carpenter stabbed the victim and was indicted for felonious assault. *Id.* After plea negotiations, Carpenter pled guilty to attempted felonious assault.  *Id.* "At the time it entered into the agreement, the state was aware that the victim was in a coma and would very probably die."  *Id.*  The plea agreement did not mention additional prosecution in the event of the victim's death.  *Id.*  Approximately 18 months after the stabbing, the victim died as a result of his wounds, and the state indicted Carpenter for murder.  *Id.*  The court held:

> By accepting a plea to a lesser included charge, the state obtained a
> definite prison term for the defendant and avoided the uncertainties of
> trial. In exchange, the appellant anticipated that by pleading guilty to
> attempted felonious assault, and giving up rights which may have
> resulted in his acquittal, he was terminating the incident and could not be
> called on to account further on any charges regarding this incident. We
> think this expectation was entirely reasonable and justified and that the
> prosecutor was aware of this expectation. Therefore, if the state wanted to
> reserve its right to bring further charges later, should the victim die, the
> state should have made such a reservation a part of the record.

*Id.* at 61-62.

{**¶5**}   In *State v. Dye*, 127 Ohio St.3d 357, 2010-Ohio-5728, 939 N.E.2d 1217, ¶ 1, the court reaffirmed its holding in *Carpenter* and clarified the requirement that the defendant and state enter into a "negotiated guilty plea."  In *Dye,* the defendant struck the victim, a 13-year-old boy, with his vehicle, causing severe injuries.  *Id.* at ¶ 3.  Dye was indicted for driving under the influence and aggravated vehicular assault, along with three specifications.  *Id.* at ¶ 4.  Dye pled guilty to aggravated vehicular

assault, driving under the influence, and the first specification in exchange for dismissal of the other two specifications. *Id.* The state also recommended bond for Dye. *Id.* at ¶ 5. The state did not reserve the right to pursue further charges should the victim die. *Id.* at ¶ 4. Seven years later, the victim died as a result of his injuries, and the state indicted Dye for aggravated vehicular homicide. *Id.* at ¶ 14. The court held:

> On this record, the evidence of plea negotiations and the parties' awareness of the gravity of the victim's injuries, together with the state's failure to reserve the right to prosecute for any later homicide charge, justify the conclusion that the state agreed to forgo further prosecution of Dye.

*Id.* at ¶ 25.

{¶6} In the present case, the state concedes that at Stiles's 2005 plea hearing it did not expressly reserve the right to indict him for murder should Carl die. It argues that the parties could not have foreseen that Carl might die from his injuries, so at the time of his plea, Stiles could not have had a reasonable expectation that his plea foreclosed future prosecution.

{¶7} Stiles was convicted of felonious assault in violation of R.C. 2903.11(A)(1) for causing "serious physical harm" to Carl. Carl was only five months old at the time of the assault, and sentencing was delayed so the parties could obtain a prognosis from Children's Hospital. At Stiles's sentencing hearing, Carl's grandmother described the extent of his injuries. She stated that he had severe brain damage, would require a feeding tube for the rest of his life, could not hold his head up on his own, and was blind in his right eye. She further stated that Carl was in the

4

ICU for two and half weeks after the assault and "was kept running on a machine." Clearly, the parties were aware of the gravity of Carl's injuries.

{¶8} Moreover, *Carpenter* and *Dye* do not require the defendant to prove that the victim's death from his injuries was foreseeable at the time of the plea. In *State v. Jackson*, 2018-Ohio-1306, 110 N.E.3d 148, ¶ 20 (8th Dist.), the Eighth District held:

> Neither *Carpenter* nor *Dye* establishes an evidentiary threshold a case must meet in order for the victim's death to be foreseeable, and we decline to create one here. The court in *Carpenter* commented that the state had actual knowledge of the victim's condition and "knew death was possible" at the time of the plea agreement. We do not interpret this statement as imposing these preconditions in order for the holding in *Carpenter* to apply.

(Citations omitted.) The proper focus is whether the state was aware of the "gravity of the injuries." *See Dye,* 127 Ohio St.3d 357, 2010-Ohio-5728, 939 N.E.2d 1217, at ¶ 25.

{¶9} The fact that Carl lived for 14 years after the assault did not eliminate the state's burden of reserving the right to bring future charges. *See Dye* at ¶ 14 (the victim lived for an additional seven years); *Jackson* at ¶ 7 (the victim lived for an additional ten years). The state was aware of the gravity of Carl's injuries, and Stiles had a reasonable expectation that pleading guilty would end prosecution on the incident. *See Dye* at ¶ 26.

{¶10} Next, the state argues that there was no agreement or meeting of the minds between the parties on future prosecution, and so it was improper for the

court to conclude that the state had agreed to forgo future prosecution. We agree with the Eighth District's rejection of a similar argument in *Jackson*, 2018-Ohio-1306, 110 N.E.3d 148. The *Jackson* court stated, "However well-founded in contract law [the state's] argument may be, it is at odds with the Supreme Court's holding in *Carpenter*." *Id.* at ¶ 14. "Beyond their basis in contract law, * * * plea agreements exist in a criminal context. Therefore, the plea phase of the criminal process 'must be attended by safeguards to insure the defendant what is reasonably due in the circumstances.' " *Id.* at ¶ 13, quoting *Carpenter,* 68 Ohio St.3d at 60, 623 N.E.2d 66. The *Jackson* court stated that the Ohio Supreme Court:

> [U]nambiguously held that the state must "expressly reserve the right to file additional charges on the record at the time of the defendant's plea" if it wishes to indict a defendant for murder after the court has accepted a negotiated guilty plea to a lesser offense and the victim later dies of injuries sustained in the crime.

*Id.* at ¶ 15, quoting *Carpenter* at 62.

{¶11} In the present case, there is evidence of plea negotiations (Stiles pled guilty to felonious assault in exchange for the dismissal of the endangering-children charge), the state was aware of the gravity of Carl's injuries, and the state failed to reserve the right to prosecute a future homicide charge. Therefore, we hold that the trial court was correct to grant the motion to dismiss.

### *Conclusion*

{¶12} The sole assignment of error is overruled and the judgment of the trial court is affirmed.

Judgment affirmed.

6

**MOCK, P.J.,** and **BERGERON, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.