[Cite as *State v. Parker*, 2017-Ohio-1389.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 2016-CA-54 |
| | : | |
| v. | : | Trial Court Case No. 2015-TRC-12898 |
| | : | |
| MEGAN N. PARKER | : | (Criminal Appeal from |
| | : | Municipal Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 14th day of April, 2017.

. . . . . . . . . . .

MARC T. ROSS, Atty. Reg. No. 0070446, City of Springfield Prosecutor's Office, 50 East Columbia Street, Fourth Floor, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

AARON S. HESKETT, Atty. Reg. No. 0093801, 333 North Limestone Street, Suite 202A, Springfield, Ohio 45503
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant Megan Parker appeals a decision of the Clark County Municipal Court denying her motion to dismiss misdemeanor charges pending against her after the dismissal of a felony charge arising from the same act or transaction. She argues that the court violated Crim.R. 5(B) when it failed to dismiss the misdemeanor charges after the State elected to indict on the felony but not the misdemeanor charges. She further argues that the municipal court erred in adjudicating the misdemeanor charges because Crim.R. 5(B) divested the court of jurisdiction.

{¶ 2} We conclude that the provisions of Crim.R. 5(B) are not applicable to the procedural posture of this case. Thus, the court did not err in denying the motion to dismiss. Therefore, the judgment of the municipal court is affirmed.

## I. Facts and Procedural History

{¶ 3} On November 3, 2015, Parker was driving a vehicle when she was stopped by City of Springfield Police Department patrol officers due to a suspected window tint violation. As a result of the stop, Parker was charged with operating a vehicle while under the influence of alcohol or drugs in violation of R.C. 4511.19(A)(1)(a), a first degree misdemeanor; possession of drug abuse instruments in violation of R.C. 2925.12(A), a second degree misdemeanor; possession of drugs in violation of R.C. 2925.11(A), a fifth degree felony; and violation of City of Springfield Ordinance 337.28(a)(1)(C) regarding window tint, a minor misdemeanor. At arraignment, Parker entered a plea of not guilty, and was assigned counsel.

{¶ 4} According to the briefs of the parties, Parker was indicted on a felony drug

charge on January 20, 2016. In its August 15, 2016 entry denying Parker's motion to dismiss, the trial court indicates that the indictment was issued on February 1, 2016. However, there is nothing else in the record indicating the date of the indictment. Also, the brief of the State indicates, and Parker's brief implies, that the felony charge before the municipal court was dismissed prior to the issuance of the indictment. Again, the record before us does not contain information as to the date the felony charge was dismissed.

{¶ 5} On February 17, 2016, Parker filed a motion to dismiss arguing that the court should dismiss the misdemeanor charges "because [she] was indicted on felony charges arising from the same set of circumstances that give rise to the OVI charge and current promulgations from the Ohio Supreme Court require that misdemeanor charges arising out of the same set of circumstances that give rise to the felony charge be made a part of the felony indictment." Dkt. p. 22.

{¶ 6} Following a hearing on the motion, the municipal court entered a decision in which it stated there is no "authority for the proposition that [the court] has lost jurisdiction over these cases and must enter dismissal of them." Dkt. p. 24. The municipal court denied the motion. Thereafter, Parker entered a plea of no contest to the charge of OVI. The remaining misdemeanor charges were dismissed. Parker appeals.

## II. Crim.R. 5(B) Not Violated.

{¶ 7} Parker asserts the following for her first and second assignments of error:

THE TRIAL COURT ERRED BY FAILING TO DISMISS THE MISDEMEANOR CHARGES IN ACCORDANCE WITH CRIMINAL RULE

5(B)(1) WHEN THE STATE INDICTED A FELONY CHARGE ARISING FROM THE SAME ACT OR TRANSACTION AND ELECTED TO NOT INCLUDE THE MISDEMEANOR CHARGES IN THE FELONY INDICTMENT.

THE TRIAL COURT ERRED IN DENYING PARKER'S MOTION TO DISMISS BECAUSE THE MUNICIPAL COURT NO LONGER HAD JURISDICTION TO PROCEED WITH THE MATTER REGARDING THE MISDEMEANOR CHARGE THAT AROSE FROM THE SAME ACT OR TRANSACTION AS THE INDICTED FELONY CHARGE BUT WAS NOT INCLUDED IN THE FELONY INDICTMENT AS REQUIRED BY OHIO CRIMINAL RULE 5 WHEN NO GOOD CAUSE WAS SHOWN.

{¶ 8} Parker contends that Crim.R. 5(B)(1) mandates the dismissal of the misdemeanor charges that remained pending in the municipal court after the felony was subject to indictment and dismissed from the municipal court docket. She argues that the failure to follow the rule divested the municipal court of jurisdiction over the misdemeanor charges. Alternatively, she argues that the municipal court has no authority to adjudicate the charges, and that the State abandoned the misdemeanor charges when it failed to indict her on those charges.

{¶ 9} The current version of Crim.R. 5, which became effective on July 1, 2014, is set forth in pertinent part below:

(B) Preliminary Hearing in Felony Cases; Procedure:

(1) In felony cases a defendant is entitled to a preliminary hearing unless waived in writing. If the defendant waives preliminary hearing, the judge or

magistrate shall forthwith order the defendant bound over to the court of common pleas. *Except upon good cause shown, any misdemeanor, other than a minor misdemeanor, arising from the same act or transaction involving a felony shall be bound over or transferred with the felony case.* If the defendant does not waive the preliminary hearing, the judge or magistrate shall schedule a preliminary hearing within a reasonable time, but in any event no later than ten consecutive days following arrest or service of summons if the defendant is in custody and not later than fifteen consecutive days following arrest or service of summons if the defendant is not in custody. The preliminary hearing shall not be held, however, if the defendant is indicted. * * *

* * *

(4)   Upon conclusion of all the evidence and the statement, if any, of the accused, the court shall do one of the following:

(a) Find that there is probable cause to believe the crime alleged or another felony has been committed and that the defendant committed it, and bind the defendant over to the court of common pleas of the county or any other county in which venue appears.

(b) Find that there is probable cause to believe that a misdemeanor was committed and that the defendant committed it, and retain the case for trial or order the defendant to appear for trial before an appropriate court.

(c) Order the accused discharged.

(d) *Except upon good cause shown, any misdemeanor, other than a minor*

*misdemeanor, arising from the same act or transaction involving a felony shall be bound over or transferred with the felony case.* (Emphasis added)[1]

**{¶ 10}** The only case which has addressed this amendment is *State v. Murray*, 12th Dist. Clermont No. CA2016-01-005, 2016-Ohio-7364. In that case, the defendant overdosed on drugs in the presence of his three minor children. *Id.* at ¶ 2. During the course of investigating the overdose, police discovered heroin and fentanyl on the premises. *Id.* Murray was charged in municipal court with two separate complaints; one complaint contained three misdemeanor counts of endangering children, while the second complaint contained one count of felony drug possession. *Id.* The municipal court set the misdemeanor counts for trial or plea and the felony for preliminary hearing. *Id.* Murray failed to appear, and a bench warrant was issued for his arrest. *Id.*

**{¶ 11}** Subsequently, a grand jury returned an indictment for two felony counts of drug possession stemming from the overdose incident. *Murray* at ¶ 3. Murray was later arrested, and he appeared in the municipal court for a bond hearing. *Id.* At that time, the State dismissed the municipal court felony charge. *Id.* Murray eventually entered a guilty plea to one count of felony drug possession in the common pleas court. *Id.* at ¶ 4. He then filed a motion to dismiss the municipal court charges arguing that the "maintenance of those charges * * * violated Crim.R. 5(B), which requires the municipal court to bind over any pending misdemeanor charges with any pending felony charges arising from the same ' act or transaction.' " *Id.* The motion was granted, and the State

---

[1] The portions of the Rule set forth in italics represent the portions added by virtue of the 2014 amendment.

appealed. *Id.* at ¶ 5.

{¶ 12} The Twelfth District, in discussing the application of Crim.R. 5(B), held:

It is clear from the language of the rule that it does not apply to the procedural posture in this case because there was neither a preliminary hearing nor a waiver of the preliminary hearing in regards to the municipal court felony. Rather, the prosecutor dismissed the municipal court felony after the grand jury returned an indictment for the same charge before a preliminary hearing was conducted or waived. Moreover, the procedural posture of this case does not fall within Crim.R. 5(B), as the rule states a "preliminary hearing shall not be held * * * if the defendant is indicted." Crim.R. 5(B) applies to situations where the state files related felony and misdemeanors charges in the municipal court, and requires the misdemeanor charges to be bound over with the related felony charges. The rule does not address the situation of this case where the state files misdemeanor charges in municipal court and the grand jury returns a separate indictment on related felony charges.

In this case, the state may prosecute the misdemeanor charges separately in municipal court because a related felony charge was not bound over to the common pleas court. *See* Crim.R. 7(A) (providing the state may prosecute misdemeanor charges in courts inferior to the common pleas court). Thus, the municipal court abused its discretion by relying solely on Crim.R. 5(B) to dismiss the endangering children [misdemeanor] charges.

*Murray*, 2016-Ohio-7364, ¶¶ 10-11.

{¶ 13} Parker argues that the facts in *Murray* are distinguishable. She argues that her case "was set for a preliminary hearing on 11/16/2015, and the result of that hearing was a dismissal of the felony charge." She cites to Clark County Municipal Court Case Number 15 CR 04014, which is apparently the case number for the felony charge. However, that record is not before us, and we will not consider it. Further, there is nothing in the record before us indicating that a preliminary hearing was set, held or waived.

{¶ 14} We agree with the Twelfth District that a plain reading of Crim.R. 5(B) indicates that it does not apply to this fact pattern. On our record, the felony charge in the municipal court was dismissed prior to a preliminary hearing or waiver thereof. Thus, there was no felony to bind over to the common pleas court, and no mechanism for binding over the misdemeanors.

{¶ 15} Parker also argues that, although Crim.R. 5(B) does not expressly state a remedy for non-compliance with its provisions, Crim.R. 1(B) and 57(B) provide guidance on the matter. Crim.R. 1(B) provides that the rules "shall be construed and applied to secure the fair, impartial, speedy, and sure administration of justice, simplicity in procedure, and the elimination of unjustifiable expense and delay." Crim.R. 57(B) states that when "no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with these rules of criminal procedure, and shall look to the rules of civil procedure and to the applicable law if no rule of criminal procedure exists."

{¶ 16} Again, we find that Crim.R. 5(B) is not applicable to Parker's case.

However, even if Crim.R. 5(B) applied, we cannot conclude that the above-cited rules mandate dismissal of any misdemeanor cases that are not bound over with an accompanying felony. Nor do we read those rules as divesting the municipal court of jurisdiction over such misdemeanors.

{¶ 17} In *Murray,* the municipal court noted "many public interest factors supporting joinder for prosecution of related felony and misdemeanor charges." *Id.* at ¶ 15. We too are mindful of the potential problems that can arise in this type of situation. For example, having related cases in two separate courts can result in a violation of the the speedy trial provisions of R.C. 2945.71. *See, e.g.*, *State v. Parker*, 113 Ohio St.3d 207, 2007-Ohio-1534, 863 N.E.2d 1032. Additionally, the doctrines of res judicata and double jeopardy may be implicated in such split prosecutions. *See, e.g.*, *State v. Baker*, 2d Dist. Montgomery No. 14861, 1995 WL 628030 (Oct. 25, 1995); *State v. Knaff*, 128 Ohio App.3d 90, 713 N.E.2d 1112 (1st Dist. 1998). While we agree that the better practice involves binding over any misdemeanor charges with the bindover of felonies arising out of the same act or transaction, we cannot say that the failure to do so is fatal to the continued prosecution of the misdemeanors in the municipal court.

{¶ 18} Finally, we note that Parker has attached two exhibits to her appellate brief, neither of which is in the record before us. Thus, we need not consider them. However, the trial court appears to have considered the first exhibit, which Parker describes as a copy of the Ohio Judicial Conference Notes discussing the changes to Crim.R. 5.[2] Parker argues that this document supports her claim that the municipal court lost

---

[2] The municipal court's decision denying the motion to dismiss states that the court reviewed the notes accompanying the amendment to the rule, and specifically mentions the considerations noted in the document.

jurisdiction over the remaining misdemeanor cases. The document states that the rule change "establishes a general rule in favor of the bindover of companion misdemeanors with felonies from municipal court to common pleas court." Nowhere does the document purport to relieve the municipal court of jurisdiction of misdemeanors even if they are not bound over with related felony charges. Indeed, the actual wording of the rule permits a municipal court to keep the misdemeanor charges on its docket "for good cause shown." Thus, we cannot agree with Parker's interpretation of this document.

{¶ 19} The other document appears to be a copy of a decision by another division of the Clark County Municipal Court in which the court determined that Crim.R. 5(B) does act to divest the municipal court of jurisdiction over misdemeanors that are not bound over with a felony. That case, even if it were in the record before us, would have no binding effect upon this court.

{¶ 20} We conclude that while Crim.R. 5(B) demonstrates a preference for binding over felonies along with any misdemeanor charges arising from the same act or transaction, it certainly does not, as Parker contends, mandate dismissal of, or loss of jurisdiction over, the remaining misdemeanors. In fact, given the "for good cause shown" language contained therein, the Rule appears to contemplate that some misdemeanors will remain in the municipal court even when a felony charge is bound over.

{¶ 21} We conclude that the municipal court did not violate Crim.R. 5(B). Accordingly, Parker's first and second assignments of error are overruled.


### III. Conclusion

{¶ 22} Parker's assignments of error being overruled, the judgment of the trial court

is affirmed.

. . . . . . . . . . . . .

HALL, P.J. and WELBAUM, J., concur.

Copies mailed to:

Marc T. Ross
Aaron S. Heskett
Hon. Denise L. Moody