[Cite as *State v. Lear*, **2018-Ohio-1874.**]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio/City of Toledo        Court of Appeals No. L-17-1261

      Appellant        Trial Court No. CRB-17-09141

v.

Rayqwaun Deurice Edward Lear        **DECISION AND JUDGMENT**

      Appellee        Decided: May 11, 2018

* * * * *

David Toska, City of Toledo Chief Prosecutor, and
Henry Schaefer, Assistant Prosecutor, for appellee.

Laurel A. Kendall, for appellant.

* * * * *

**MAYLE, P.J.**

{¶ 1} Plaintiff-appellant, the city of Toledo, appeals the September 27, 2017 judgment of the Toledo Municipal Court, dismissing a misdemeanor charge of violation of a protection order filed against defendant-appellee, Rayqwaun Deurice Edward Lear. For the reasons that follow, we reverse the trial court judgment.

## I. Background

{¶ 2} On July 24, 2017, Rayqwaun Lear was charged in Toledo Municipal Court with domestic violence, a violation of R.C. 2919.25; assault, a violation of R.C. 2903.13; and violation of a protection order, a violation of R.C. 2919.27. All three offenses are first-degree misdemeanors. It was discovered that Lear had a prior assault charge, so the county prosecutor secured an indictment from the Lucas county grand jury on one count of felony domestic violence, and the city dismissed the complaints for misdemeanor assault and domestic violence. It intended, however, to proceed in municipal court on the misdemeanor charge of violation of a protection order.

{¶ 3} On September 27, 2017, Lear appeared in the Toledo Municipal Court and was prepared to enter a plea for violation of the protection order. The court, however, believed that under Crim.R. 5(B)(1), it had been divested of jurisdiction to hear the violation-of-protection-order charge because the domestic violence and assault charges had been "bound over to Common Pleas Court" and all three charges arose from the same facts and circumstances. Over the city's objection, it dismissed the case, citing as authority Crim.R. 5.[1]

{¶ 4} The city appealed and assigns a single assignment of error for our review:

THE TRIAL COURT ABUSED ITS DISCRETION IN
DISMISSING THE CASE PURSUANT TO CRIMINAL RULE 5(B).

---

[1] The journal entry in this case states that the court dismissed the case on Lear's motion, but the hearing transcript shows that the court raised this issue itself.

## II. Law and Analysis

{¶ 5} The trial court relied on Crim.R. 5(B)(1) in dismissing the violation-of-protection-order charge against Lear. The city argues that Crim.R. 5(B)(1) is procedurally inapplicable here because no preliminary hearing was held, nor was one waived; rather, Lear was indicted on the felony domestic violence charge, and the city dismissed the misdemeanor domestic violence and assault charges.

{¶ 6} Lear responds that all three misdemeanor charges arose from the same facts and circumstances. He claims that he "was indicted and pleaded no contest to a felony for arguably the same facts and circumstances as the facts and circumstances surrounding the violation of the protection order." As such, he argues, "there is an issue of double jeopardy, because a person cannot be tried twice, or in two different courts, for the same offense." Lear also claims that the trial court had authority to dismiss the criminal complaint under Crim.R. 48(B).

### A. Crim.R. 5(B)(1).

{¶ 7} Crim.R. 5(B)(1) provides, in pertinent part, as follows:

> In felony cases a defendant is entitled to a preliminary hearing unless waived in writing. If the defendant waives preliminary hearing, the judge or magistrate shall forthwith order the defendant bound over to the court of common pleas. Except upon good cause shown, any misdemeanor, other than a minor misdemeanor, arising from the same act or transaction involving a felony shall be bound over or transferred with the felony case.

3.

**{¶ 8}** The state argues that no preliminary hearing was held or waived in this case, therefore, Crim.R. 5(B)(1) is inapplicable. This is necessarily true given that Lear was charged with no felonies in municipal court; the assault and domestic violence charges filed in municipal court were both misdemeanors. Without a felony charged in municipal court, the misdemeanor charge could not be bound over to common pleas court under Crim.R. 5(B)(1). *See State v. Murray*, 12th Dist. Clermont No. CA2016-01-005, 2016-Ohio-7364, ¶ 10 (recognizing that while Crim.R. 5(B)(1) requires that misdemeanor charges be bound over with related felony charges, "[t]he rule does not address the situation * * * where the state files misdemeanor charges in municipal court and the grand jury returns a separate indictment on related felony charges."); *State v. Parker*, 2017-Ohio-1389, 89 N.E.3d 152, ¶ 14 (2d Dist.) (observing that where there is no felony to bind over to the common pleas court, there is no mechanism for binding over misdemeanors). Because Crim.R. 5(B)(1) is inapplicable, the municipal court erred in relying on this rule to dismiss the misdemeanor charge against Lear.

### B. Crim.R. 48.

**{¶ 9}** Lear urges that even if Crim.R. 5(B)(1) is inapplicable, under Crim.R. 48, the trial court had discretion to dismiss the violation-of-protection-order charge. Crim.R. 48 provides that "[i]f the court over objection of the state dismisses an indictment, information, or complaint, it shall state on the record its findings of fact and reasons for the dismissal." The Ohio Supreme Court has recognized that generally speaking, this

4.

rule provides "authority for trial judges to dismiss criminal actions *sua sponte*." *State v. Busch*, 76 Ohio St.3d 613, 615, 669 N.E.2d 1125 (1996).[2]

{¶ 10} Ordinarily, we review a trial court's decision to dismiss a criminal complaint under an abuse-of-discretion standard. *State v. Neeley*, 9th Dist. Summit Nos. 26190, 26191, 2012-Ohio-4027, ¶ 7, citing *Busch* at 616. Where, however, the court's decision raises a question of law, we review de novo. *Neeley* at ¶ 8 (reviewing de novo and reversing court's dismissal of complaint based on its incorrect determination that the Department of Public Safety lacked authority to bring charges).

{¶ 11} Here, the municipal court's explanation for dismissing the case was that "[p]ursuant to Criminal Rule 5 I don't have jurisdiction." We find that the trial court's explanation for exercising its discretion to dismiss the criminal complaint was based on an incorrect interpretation of Crim.R. 5(B)(1). We, therefore, reject Lear's argument that the charge against him was properly dismissed under Crim.R. 48(B).

### C. Double Jeopardy.

{¶ 12} Finally, Lear argues that he has already been convicted of a felony "for arguably the same facts and circumstances surrounding the violation of the protection

---

[2] *But see* R.C. 1901.20(A)(2) ("A judge of a municipal court does not have the authority to dismiss a criminal complaint, charge, information, or indictment solely at the request of the complaining witness and over the objection of the prosecuting attorney, village solicitor, city director of law, or other chief legal officer who is responsible for the prosecution of the case.").

5.

order." He claims, therefore, that there is an issue of double jeopardy if he is held to answer for both the felony domestic-violence and misdemeanor violation-of-protection-order charges.

{¶ 13} "The double-jeopardy protections of the United States Constitution's Fifth Amendment, which are applicable to the states under the Fourteenth Amendment, and Article I, Section 10 of the Ohio Constitution prohibit multiple prosecutions for the same offense." *State v. Mutter*, 150 Ohio St.3d 429, 2017-Ohio-2928, 82 N.E.3d 1141, ¶ 2. The Ohio Supreme Court has adopted the "same elements" test articulated in *Blockburger v. United States*, 284 U.S. 299, 304, 76 L.Ed. 306, 52 S.Ct. 180 (1932), to determine whether a defendant has been subjected to two prosecutions for the same offense. *Mutter* at ¶ 17. This test requires the reviewing court to evaluate the elements of each statute to determine "'whether each provision requires proof of a fact which the other does not.'" *Id.,* quoting *Blockburger* at 304. The test focuses upon the elements of the offenses, not the evidence proffered in the case. *Id.* If each offense contains an element not contained in the other, double jeopardy does not bar successive prosecutions. *Id.*

{¶ 14} A conviction for felony domestic violence requires proof that the defendant (1) either knowingly caused or attempted to cause physical harm to a family or household member (R.C. 2919.25(A)), recklessly caused serious physical harm to a family or household member (R.C. 2919.25(B)), or by threat of force, knowingly caused a family or household member to believe that he would cause him or her imminent physical harm (R.C. 2919.25(C)); and (2) previously has pleaded guilty to or been convicted of domestic violence or a substantially similar offense involving a family or household

6.

member (R.C. 2919.25(D)(3)).  A conviction for violation of a protection order requires proof that the defendant (1) was served with an order of protection, and (2) recklessly violated its terms.  R.C. 2919.27(A); *State v. Schell*, 9th Dist. Summit No. 28255, 2017-Ohio-2641, ¶ 46.

{¶ 15} The protection order is not contained in the record, and it is not clear from the record which provision of R.C. 2919.25 formed the basis for Lear's domestic-violence conviction.  Nevertheless, R.C. 2919.25(A) and (C) require a mens rea element not contained in R.C. 2919.27(A), and R.C. 2919.25(B) contains a "serious physical harm" element not contained in R.C. 2919.27(A).  Moreover, R.C. 2919.27(A) can be violated without causing or threatening to cause harm to the victim.  We conclude, therefore, that the elements of felony domestic violence and violation of a protection order are not the same, thus the protection against double jeopardy will not be violated by successive prosecutions.

{¶ 16} Accordingly, we find the city's sole assignment of error well-taken.

### III.  Conclusion

{¶ 17} The trial court erred in finding Crim.R. 5(B)(1) applicable to this case because Lear was charged with no felonies in municipal court, thus there was no mechanism for binding over the misdemeanor violation-of-protection order charge.  Because Crim.R. 5(B)(1) was inapplicable, the court could not properly rely on this provision to dismiss the charge against Lear under Crim.R. 48.  Finally, the protection against double jeopardy will not be violated by successive prosecutions for felony domestic violence and violation of a protection order.

7.

{¶ 18} We, therefore, find the city's sole assignment of error well-taken, and we reverse the September 27, 2017 judgment of the Toledo Municipal Court. The case is remanded to the trial court for proceedings consistent with this decision. Lear is ordered to pay the costs of this appeal under App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.   _____

          JUDGE
Arlene Singer, J.

         _____
Christine E. Mayle, P.J.       JUDGE
CONCUR.

         _____
          JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

8.