[Cite as *Cleveland v. Gatens*, 2021-Ohio-313.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| CITY OF CLEVELAND, | : | |
| Plaintiff-Appellant, | : | No. 109406 |
| v. | : | |
| JENNIFER GATENS, | : | |
| Defendant-Appellee. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** February 4, 2021

Criminal Appeal from the Cleveland Municipal Court
Case Nos. 2018 TRC 32078

***Appearances:***

Barbara A. Langhenry, City of Cleveland Law Director, Aqueelah Jordan, Chief Prosecutor, and Michael J. Ferrari, Assistant Prosecuting Attorney, *for appellant.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Appellant city of Cleveland appeals from a decision of the Cleveland Municipal Court that dismissed OVI and reckless operation charges against appellee Jennifer Gatens. A dismissal by the court of the charges without findings of fact and reasons for the dismissal pursuant to Crim.R. 48 requires reversal of the court order, and this matter is remanded for further proceedings consistent with this opinion.

**Background**

{¶ 2} Gatens was arrested for OVI and related traffic offenses on September 10, 2017. During processing at the jail, she was found to have a bag of marijuana and a smoking pipe on her person. An OVI charge and related traffic offenses were filed at the Cleveland Municipal Court, and six months later, a grand jury indicted her for a felony offense of illegal conveyance. After the grand jury indictment, the city dismissed the traffic charges in the municipal court on April 23, 2018. Two months later, the felony case in the common pleas court was dismissed at the prosecutor's request. On November 2, 2018, the city refiled the OVI and reckless operation charges in the municipal court. Gatens moved to dismiss, and after a hearing, the municipal court dismissed the case without a decision explaining why it dismissed the case.

{¶ 3} The record before us does not include the prior municipal case or the common pleas court case, both having been dismissed. The record only consists of the refiled municipal court traffic case charging Gatens for OVI and reckless operation. From the limited record, we discern the following facts.

{¶ 4} On September 10, 2017, around 4:00 a.m., Gatens was stopped by Trooper Kay of the Ohio State Highway Patrol for reckless operation. According to the city, Trooper Kay first saw Gatens's vehicle approaching his patrol vehicle at a high rate of speed. After she passed his vehicle on the left, she slowed down and then began to increase her speed. Trooper Kay tried to catch up with Gatens's vehicle; his vehicle reached a speed of 102 m.p.h. at one point. He eventually caught

up with her vehicle and initiated a traffic stop. Trooper Kay observed an open bottle of an alcoholic drink in Gatens's hand and saw a dazed look on her face. Her eyes were glassy, and her speech was slow and loud.

{¶ 5} Trooper Kay requested that Gatens perform several field sobriety tests. After she failed the tests, he arrested her for OVI. She was first transported to the Ohio State Highway Patrol Post in Cleveland and then to the jail. During the booking process at the jail,[1] a plastic bag containing marijuana and a glass smoking pipe were found on Gatens's person. According to the city, before she was processed, Gatens was informed that if she had anything hidden on her and attempted to enter the jail with it, she could be charged with a felony, but Gatens denied having any contraband with her despite the drugs and pipe that were ultimately discovered. Gatens's urinalysis later tested to be positive for marijuana and cocaine. Her urine alcohol level was .107. Trooper Kay's report regarding the incident also noted an intent to file a felony charge of illegal conveyance through the Cuyahoga County Prosecutor's office.

{¶ 6} On September 12, 2017, citations of OVI and several other misdemeanor offenses stemming from the traffic stop were filed against Gatens in the municipal court under two case numbers (Cleveland M.C. Nos. 2017 TRC 27130 and 2017 CRB 19916). On March 19, 2018, Gatens filed a motion to suppress.

---

[1] The city alleged that Gatens was transported to the Cleveland City Jail but Gatens alleged she was transported to the Cuyahoga County Jail.

{¶ 7} On April 5, 2018, an indictment was filed charging Gatens with illegal conveyance in violation of R.C. 2921.36(A)(2), a felony of the third degree. On April 19, 2018, Gatens appeared in the common pleas court for an arraignment in the case. She pleaded not guilty.

{¶ 8} The record for the two municipal court cases is not before us, but it appears that the municipal court held a hearing on April 23, 2018, the day scheduled for the motion to suppress. According to Gatens, at this hearing the prosecutor requested the cases be dismissed and the court granted the request. In the docket sheet of 2017 TRC 27130, there is the following notation in the journal entry dismissal on the case: "Nolled at prosecutor's request. [Prosecutor] advised 7 days remain on this case. Possible indictment felony charge pending."

{¶ 9} On June 19, 2018, the common pleas court dismissed the charge of illegal conveyance upon the state's request. The court's journal entry stated, "Case is dismissed. State moves for a dismissal without objection from the defense."

{¶ 10} On November 2, 2018, the charges of OVI and reckless operation were refiled at the municipal court under Cleveland M.C. No. 2018 TRC 32078 (the instant case). At the arraignment on November 20, 2018, Gatens pleaded not guilty. The case then was continued several times at her request. On February 5, 2019, she failed to appear and a capias was issued. She was arrested on June 24, 2019. Subsequently, the hearing for the case was continued several more times, primarily at her request.

{¶ 11} On November 13, 2019, Gatens filed two motions to suppress, one concerning the urine test results and the other concerning other evidence in this case. A hearing on the motion was scheduled for December 9, 2019. On that day, the prosecutor asked for a continuance on the ground that the city would like to file a brief in response to Gatens's motion to suppress. Gatens's counsel objected on the ground that the charges against Gatens were initiated more than two years ago in September 2017.

{¶ 12} The court decided to take testimony at the hearing and allowed the prosecutor to file a brief opposing the motion to suppress after the hearing. At one point at this hearing, a side bar was held off the record and, after the side bar, the transcript reflects that Gatens's counsel asked the court to allow counsel to discuss the "options" with her client and to decide whether Gatens would accept "the offer." The court concluded the proceeding by stating that it would schedule a hearing for the motion to suppress and a "motion to dismiss." The court also stated "[d]efendant to file motion by January first." It is unclear from the transcript the nature of the motion to be filed by Gatens.

{¶ 13} On December 31, 2019, Gatens filed a motion to dismiss. The city filed a brief in opposition. While Gatens's motion references Crim.R. 48(B), 1(B), and 5(B) as grounds for dismissal, her brief primarily set forth arguments based on Crim.R. 1(B) and 5(B). The city argued Crim.R. 5(B) did not apply in this case because the felony offense of illegal conveyance and the misdemeanor OVI offense "did not arise out of the same act or transaction."

{¶ 14} On January 16, 2020, the trial court held a hearing on Gatens's motion to dismiss. After the hearing, the trial court dismissed the case but did not issue a decision explaining the basis of the dismissal. The court docket states simply "ON THE COURT'S MOTION, THIS CASE/TICKET IS DISMISSED."

{¶ 15} The city now appeals.[2] It raises the following three assignments of error for our review:

> The trial court abused its discretion when it granted appellee's motion to dismiss based primarily on Crim.R. 5.

> The trial court abused its discretion in dismissing the case as dismissal is not a remedy for a Crim.R. 5 failure to bind over misdemeanor cases.

> Crim.R. 48(B) also does not apply to this case.

We address the three assignments of error jointly for ease of discussion.

**Crim.R. 5(B) Inapplicable in This Case**

{¶ 16} Under the first and second assignments of error, the city argues the trial court abused its discretion in dismissing the case pursuant to Crim.R. 5. While the court's docket does not reflect the court dismissed this case based on Crim.R. 5(B), the city construes the dismissal to have been based on Crim.R. 5(B) and argues the court abused its discretion in applying Crim.R. 5(B) to dismiss this

---

[2] R.C. 2945.67(A) governs the state's right to appeal in criminal proceedings. Pursuant to the statute, the state may appeal as of right an order that grants a motion to dismiss all or any part of an indictment, complaint, or information. *See In re A.J.S.*, 120 Ohio St.3d 185, 2008-Ohio-5307, 897 N.E.2d 629, ¶ 30. Furthermore, a dismissal order under Crim.R. 48(B) is a final appealable order. *State v. Elqatto*, 10th Dist. Franklin No. 11AP-914, 2012-Ohio-4303, ¶ 12. Gatens did not file a brief on appeal.

case. While the city is correct that Crim.R. 5(B) is not applicable in this case, the record does not reflect the trial court applied Crim.R. 5(B) to dismiss this case.

{¶ 17} Crim.R. 5(B)(1) provides, in relevant part, as follows:

In felony cases a defendant is entitled to a preliminary hearing unless waived in writing. If the defendant waives preliminary hearing, the judge or magistrate shall forthwith order the defendant bound over to the court of common pleas. Except upon good cause shown, any misdemeanor, other than a minor misdemeanor, arising from the same act or transaction involving a felony shall be bound over or transferred with the felony case.

{¶ 18} The rule provides that a misdemeanor, other than a minor misdemeanor, arising from the same act involving a felony, shall be transferred to the common pleas court with the felony case. The rule ensures that all charges arising out of "the same act or transaction" are adjudicated together.

{¶ 19} In her motion to dismiss, Gatens argued the illegal conveyance felony offense and OVI misdemeanor offense arose from "the same act or transaction" and therefore the OVI charge should have been transferred to the common pleas court and it could not be adjudicated in the municipal court. Before the trial court and on appeal, the city argues that Crim.R. 5(B) is not applicable in this case. The city argues the rule is not applicable because of the procedural history of this case and because the felony offense of illegal conveyance did not arise out of the same transaction as the misdemeanor offense of OVI.

{¶ 20} We do not reach the question of whether the illegal conveyance offense and the OVI offense arose from the "same act or transaction" because Crim.R. 5(B) does not apply in this case due to its procedural history. Crim.R. 5(B)

only applies to situations where the state files related felony and misdemeanor charges *in the municipal court.* The rule requires that, in such cases, the misdemeanor charges are to be bound over with the related felony charges. *See State v. Desarro*, 7th Dist. Columbiana No. 19 CO 0009, 2020-Ohio-335, ¶ 10, citing *State v. Murray*, 12th Dist. Clermont No. CA2016-01-005, 2016-Ohio-7364. The rule does not address the situation, such as this case, where the misdemeanor charges are filed in municipal court and the grand jury returns a separate indictment on related felony charges. *Id.*, citing *Murray*. Here, no felony was ever charged in the municipal court; therefore, Crim.R. 5(B) is inapplicable. *Desarro* at ¶ 14.

{¶ 21} However, our reading of the record does not reflect that the trial court dismissed this case based on Crim.R. 5(B). Rather, based on its statements at the hearing and the notation at the docket, it appears that the court dismissed the case "on the court's own motion," and pursuant to its inherent authority under Crim.R. 48(B).

**Dismissal Pursuant to Crim.R. 48(B)**

{¶ 22} While Gatens's motion to dismiss referenced three criminal rules — Crim.R. 1(B),[3] 5(B), and 48(B) — the brief accompanying the motion did not provide

---

[3] Crim.R. 1(B) sets forth the general principle that the criminal rules "are intended to provide for the just determination of every criminal proceeding. They shall be construed and applied to secure the fair, impartial, speedy, and sure administration of justice, simplicity in procedure, and the elimination of unjustifiable expense and delay." Gatens argued in the brief that the circumstances surrounding this case warranted a dismissal under this rule.

an argument predicated on Crim.R. 48(B). The city argued in its brief a dismissal pursuant to Crim.R. 48(B) was not warranted in this case.

{¶ 23} Crim.R. 48(B) permits the court to dismiss a case, but requires that "[i]f the court over objection of the state dismisses an indictment, information, or complaint, it shall state on the record its findings of fact and reasons for the dismissal."

{¶ 24} "[A] judge may dismiss a case pursuant to Crim.R. 48(B) if a dismissal serves the interests of justice." *State v. Busch*, 76 Ohio St.3d 613, 615, 669 N.E.2d 1125 (1996). In *Busch*, the municipal court granted the request of a domestic violence victim to dismiss the case. The Supreme Court of Ohio found the dismissal within the trial court's discretion pursuant to Crim.R. 48. The court indicated several relevant factors in determining whether a dismissal served the interests of justice in a domestic violence case ("the seriousness of the injuries, the presence of independent witnesses, the status of counseling efforts, whether the complainant's refusal to testify is coerced, and whether the defendant is a first-time offender"). *Id.* at 616. It, however, stressed that Crim.R. 48(B) does not limit the reasons for which a judge may dismiss a case. *Id.* at 615. In finding the dismissal proper, the court noted that "the trial court used its judicial power to do its best with a matter which no longer seemed to fit the court system." *Id.* at 616. *See also, e.g., State v. Watkins*, 10th Dist. Franklin No. 02AP-659, 2003-Ohio-668.

{¶ 25} Here, at the hearing regarding the motion to dismiss, the trial court heard the recitation of the procedural history of the case. The traffic charges were

first filed in the municipal court in September 2017. Six months later, Gatens was indicted by the grand jury for illegal conveyance; it was unknown whether the OVI offense had also been presented to the grand jury. Several weeks later, at a suppression hearing in the municipal court for the traffic charges, the city dismissed them; a notation in the dismissal entry indicated only seven days remained for the traffic charges before the speedy trial time would run. Subsequently, the state dismissed the felony case in the common pleas court under unknown circumstances. Four months later, the city refiled the misdemeanor OVI and reckless operation charges.

{¶ 26} The city prosecutor stated at the hearing that the city's dismissal of the municipal court case was not a calculated tactical decision made in bad faith but rather due to a mistaken belief that a felony OVI charge would be brought in the common pleas court to be tried together with the illegal conveyance offense.

{¶ 27} The trial court appears to have found it troubling that the OVI charge was dismissed seven days before the running of the speedy trial time and was refiled later after the felony case in the common pleas court was dismissed.[4] The court commented that the city refiled the OVI case after the prosecution of the felony case in the common pleas court turned out to be unsuccessful and it characterized the

---

[4] The court did not further elaborate on this issue, and we note that the speedy trial time is tolled (but not reset) during the period between a dismissal of a charge and subsequent refiling of the charge. *State v. Bonarrig*, 62 Ohio St.2d 7, 12, 402 N.E.2d 530 (1980). Further, speedy trial requirements were never discussed as a basis for the dismissal in this case.

city's refiling after the dismissal of the common pleas court case to be a "second bite of the apple."  The trial court alluded to Crim.R. 48 and noted that Crim.R. 48 permits a dismissal "in the interest of justice."

{¶ 28} We review the trial court's dismissal of a criminal charge under Crim.R. 48(B) in this case for an abuse of discretion.  *Busch*, 76 Ohio St.3d at 616, 669 N.E.2d 1125; *Elqatto*, 10th Dist. Franklin No. 11AP-914, 2012-Ohio-4303, at ¶ 17; *State v. Anguiano*, 2d Dist. Darke No. 2011 CA 9, 2012-Ohio-2094, ¶ 10.[5]

{¶ 29} While the trial court has the inherent authority to dismiss the case pursuant to Crim.R. 48(B) and *Busch*, Crim.R. 48(B) requires that the court "shall state on the record its findings of fact and reasons for the dismissal."

{¶ 30} The findings of fact and reasons for the dismissal are necessary in order to allow meaningful review of the assignments of error.  *State v. Bound*, 43 Ohio App.2d 44, 332 N.E.2d 366 (8th Dist.1975).  In this case, the city acted within its right and timely refiled the OVI case in the municipal court after the common pleas court case was dismissed.  The trial court dismissed the case without issuing a decision stating its findings of fact and reasons for the dismissal.

---

[5] The city claims the standard of review in this case is de novo, citing *State v. Romage*, 2012-Ohio-3381, 974 N.E.2d 120 (10th Dist.).  A review of that case indicates *Romage* does not concern Crim.R. 48(B).  Rather, the trial court there dismissed the criminal case after finding the criminal statute at issue unconstitutional.  The de novo standard was appropriate in that case because appellate review of a question of law is de novo.  *Wiltberger v. Davis*, 110 Ohio App.3d 46, 51-52, 673 N.E.2d 628 (10th Dist.1996*). See also State v. Lear*, 6th Dist. Lucas No. L-17-1261, 2018-Ohio-1874, ¶ 10 (ordinarily we review a trial court's decision to dismiss a criminal complaint under an abuse-of-discretion standard; however, where the court's decision raises a question of law, we review de novo).

{¶ 31} We recognize a written decision reducing the court's analysis for the dismissal may not be necessary if the transcript of the proceedings clearly identifies the rationale for the trial court's ruling. *Cleveland v. Stoutemire*, 8th Dist. Cuyahoga No. 88257, 2007-Ohio-721, ¶ 8-9 (the failure to reduce the rationale to writing was harmless error). *See also State v. Graham*, 8th Dist. Cuyahoga No. 108053, 2019-Ohio-4353, and *State v. McCullough*, 8th Dist. Cuyahoga No. 105959, 2018-Ohio-1967. Here, however, the trial court did not clearly articulate the reasons for the dismissal, other than expressing its dismay that the case had been pending in various courts for over two years without a resolution. Our review of the record, however, reflects that Gatens herself contributed to the majority of the delay by requesting numerous continuances and failing to appear, requiring a capias to be issued at one point.

{¶ 32} While Crim.R. 48(B) provides the trial court with the inherent authority to dismiss a criminal complaint if it serves the interests of justice, the trial court in this case did not provide a clear basis on the record before dismissing the OVI offense, as is required by the rule. As such, the dismissal was an abuse of discretion. The first and second assignments of error lack merit, and the third assignment of error is sustained to the extent discussed above. The trial court's judgment is reversed, the charges are reinstated, and the case is remanded for further proceedings.

{¶ 33} Judgment reversed and the case remanded.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
EILEEN A. GALLAGHER, J., CONCUR