[Cite as *Cleveland v. Wanton*, 2021-Ohio-1951.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

CITY OF CLEVELAND,                     :

   Plaintiff-Appellant,             :

                          No. 109828

          v.                            :

COREY WANTON,                          :

   Defendant-Appellee.              :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** June 10, 2021

---

Criminal Appeal from the Cleveland Municipal Court
Case No. 2019 TRC 21255

---

*Appearances:*

Barbara A. Langhenry, Cleveland Director of Law, Aqueelah Jordan, Chief Prosecuting Attorney, and Michael J. Ferrari, Assistant Prosecuting Attorney, *for appellant.*

Cullen Sweeney, Cuyahoga County Public Defender, and Robert McCaleb, Assistant Public Defender, *for appellee.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Appellant city of Cleveland appeals the dismissal of a criminal complaint issued against appellee Corey Wanton. The trial court dismissed the criminal complaint because the pending misdemeanor charges were not filed with

the subsequent felony drug charge in the common pleas court per Crim.R. 5(B). However, because Crim.R. 5(B) does not mandate the filing of charges in a particular court and does not mandate dismissal upon a violation, we reverse the judgment of the trial court.

## I. Facts and Procedural History

{¶ 2} After a traffic accident on June 26, 2019, involving two vehicles and an RTA bus, Wanton was charged in the Cleveland Municipal Court with operating a vehicle while under the influence, driving under suspension, and driving without an assured clear distance. There was no associated felony charge filed in the municipal court. Underlying his charges in the municipal court, the city alleged that Wanton was operating a car that rear-ended another car that then hit an RTA bus. The city further alleged that the driver of the middle car that was struck was injured. After the collision, Wanton was transported to a hospital by Cleveland EMS. EMS personnel examined Wanton and believed him to be under the influence. They obtained a small vial containing a brown liquid from him and gave that bottle to RTA police officers.

{¶ 3} On August 26, 2019, Wanton was indicted by a grand jury in Cuyahoga County C.P. No. 19-643099-A on one count of felony drug possession. On January 30, 2020, he was convicted of the charge and sentenced to community control sanctions.

{¶ 4} On February 18, 2020, argument was held on Wanton's motion to dismiss in this case. On June 16, 2020, the trial court granted the motion. In his

motion, Wanton alleged that the prosecutor violated Crim.R. 5 and that by filing felony charges directly in the common pleas court, he was burdened with facing charges in two courts. The city argued that there was no violation of Crim.R. 5(B) and that there was no reason to dismiss the pending charges.

{¶ 5} In dismissing the charges, the trial court stated on the record at the hearing that the felony possession charges were never brought in the municipal court and, thus, the misdemeanor charges were not bound over to the common pleas court. The trial court further noted that Crim.R. 5 requires good cause to be shown for charges to be kept in the municipal court while felony charges are bound over to the common pleas court, stating, "Clearly this directive does not permit for the prosecution to arbitrarily or negligently fail to have the misdemeanor permanently separated from the companion felony charge." The trial court noted that the city had recently dismissed two cases in which the misdemeanor charges were pursued in the common pleas court with felony charges. The trial court determined that the city did not demonstrate good cause pursuant to Crim.R. 5 for why the municipal charges were not bound over, noting, "For this case to remain in this court, this Court finds [it] would be a violation of the intent and spirit and purpose of Criminal Rule 5." After finding a violation of the purpose of Crim.R. 5, the trial court found, "enforcement of Criminal Rule 5 requires dismissal when no good cause is shown."

## II. Law and Argument

### A. Appellant's Assignments of Error

**{¶ 6}** Appellant raises three assignments of error:

Assignment of Error No. 1. The trial court erred when it dismissed this case because of a perceived violation of Crim.R. 5.

Assignment of Error No. 2. Crim.R. 1(B) does not bolster the trial court's interpretation of Crim.R. (5)(B).

Assignment of Error No. 3. While Crim.R. 48(B) does give the trial court authority to dismiss a complaint over the objection of the prosecutor, it does not apply in this case, as the sole basis the trial court cites in its argument and on its journal entry is Crim.R. 5.

**{¶ 7}** Appellant's assignments of error are interrelated and will be addressed together. In summary, appellant argues that the trial court erred by dismissing the criminal complaint based on Crim.R. 5 and that the trial court's misapplication of Crim.R. 5 does not support dismissal under Crim.R. 48. Wanton argues that even though Crim.R. 5 may not apply, the trial court was authorized to dismiss the case pursuant to Crim.R. 48 and that it properly dismissed the charges.

### B. Standard of Review of the Motion to Dismiss

**{¶ 8}** In this case, the trial court dismissed the complaint because the city violated the "intent and spirit and purpose" of Crim.R. 5(B). We review the dismissal of criminal charges when made pursuant to Crim.R. 48(B) for an abuse of discretion. *Cleveland v. Gatens*, 8th Dist. Cuyahoga No. 109406, 2021-Ohio-313, ¶ 28. An abuse of discretion occurs when a trial court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 481, 450 N.E.2d

1140 (1983). "An abuse of discretion also occurs when a court 'applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact.'" *S. Euclid v. Datillo*, 2020-Ohio-4999, 160 N.E.3d 813, ¶ 8 (8th Dist.), quoting *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, 892 N.E.2d 454, ¶ 15 (8th Dist.).

## C. Crim.R. 5(B) is Inapplicable

{¶ 9} The charges filed in the municipal court were misdemeanors. Crim.R. 7(A) allows for the filing of misdemeanors in a municipal court. Crim.R. 5(B)(1) provides, in relevant part, as follows:

> In felony cases a defendant is entitled to a preliminary hearing unless waived in writing. If the defendant waives preliminary hearing, the judge or magistrate shall forthwith order the defendant bound over to the court of common pleas. Except upon good cause shown, any misdemeanor, other than a minor misdemeanor, arising from the same act or transaction involving a felony shall be bound over or transferred with the felony case.

{¶ 10} No felony charges were filed in the municipal court. "Crim.R. 5(B) only applies to situations where the state files related felony and misdemeanor charges in the municipal court." *Gatens* at ¶ 20. Although the rule requires the transfer of misdemeanor charges to the common pleas court with the bindover of a defendant on felony charges except upon good cause shown, it does not mandate the simultaneous filing of all charges and Crim.R. 5 does not apply to a case in which no felony charge is filed. *Id.*; *see also State v. Desarro*, 7th Dist. Columbiana No. 19 CO 0009, 2020-Ohio-335, ¶ 14; *State v. Lear,* 6th Dist. Lucas No. L-17-1261, 2018-Ohio-1874, ¶ 17.

**D. The Trial Court Erred in Dismissing the Complaint**

{¶ 11} Crim.R. 48(B) provides that if a court dismisses a criminal case over the objection of the prosecutor, it must state its reasons for dismissal. The Ohio Supreme Court has held that "[t]he rule does not limit the reasons for which a trial judge might dismiss a case, and we are convinced that a judge may dismiss a case pursuant to Crim.R. 48(B) if a dismissal serves the interests of justice." *State v. Busch*, 76 Ohio St.3d 613, 615, 1996-Ohio-82, 669 N.E.2d 1125.

{¶ 12} In this case, the trial court relied upon its interpretation of the intent of Crim.R. 5 to dismiss the charges in this case, noting that Wanton would face related charges in two separate courts and that the city had dismissed similar cases where felony charges were brought by a grand jury. Although not cited by the trial court in its dismissal, we note that the trial court conformed with Crim.R. 48 by stating its reasons for so doing upon the record. However, the dismissal was based upon Crim.R. 5(B) and the trial court's finding that the intent of the rule was violated. The trial court also found that enforcement of Crim.R. 5 mandated dismissal of the charges if no good cause was shown for having charges prosecuted in the municipal court while related felony charges proceeded in the common pleas court. But the failure to transfer charges by the court does not mandate dismissal. *State v. Parker*, 2017-Ohio-1389, 89 N.E.3d 152, ¶ 20 (2d Dist.).

{¶ 13} In addition, the misdemeanor charges filed against Wanton could not be transferred to the common pleas court pursuant to Crim.R. 5(B), nor could they have been transferred or brought at the time of the court's dismissal because the

common pleas case was final. We understand that where misdemeanor charges are filed in municipal court and associated felony charges are pursued in the court of common pleas, a defendant is placed in the position of defending charges in two courts. Although not an optimal use of resources in a taxed criminal justice system, the filing of misdemeanor charges in a municipal court where there may be related felony charges is not prohibited by Crim.R. 5, and the trial court did not cite, nor have the parties cited, any law prohibiting the practice.

{¶ 14} Here, Crim.R. 5 does not apply to the facts of this case. Crim.R. 5 provides for transfer of misdemeanor charges where applicable, not dismissal. By relying on Crim.R. 5(B) and interpreting the rule to require dismissal of charges if violated, the municipal court abused its discretion by dismissing the charges. *See Lear*, 6th Dist. Lucas No. L-17-1261, 2018-Ohio-1874, at ¶ 17; *State v. Murray*, 12th Dist. Clermont No. CA2016-01-005, 2016-Ohio-7364, ¶ 10-11. Accordingly, appellant's assignments of error are well taken.

## III. Conclusion

{¶ 15} The trial court erred by ordering the dismissal of charges in this matter pursuant to its application of Crim.R. 5. The rule does not mandate the filing of charges in a particular court, nor does it provide a remedy of dismissal. Further, even though Crim.R. 48 allows for dismissal of criminal charges, the misapplication of law to dismiss charges constitutes an abuse of discretion. Accordingly, we reverse the judgment dismissing this matter, and remand this case for further proceedings.

{¶ 16} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MICHELLE J. SHEEHAN, JUDGE

SEAN C. GALLAGHER, P.J., and
LISA B. FORBES, J., CONCUR