[Cite as *State v. Doolittle*, 2026-Ohio-1160.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                          Court of Appeals No.  WD-25-009

        Appellee                             Trial Court No.  2024 CR 218

v.

Wesley Doolittle, III.                          **DECISION AND JUDGMENT**

        Appellant                           Decided: March 31, 2026

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
Kristofer Kristofferson, Assistant Prosecuting Attorney, for appellee.

Jeffrey P. Nunnari, for appellant.

* * * * *

**DUHART, J.**

{¶ 1} This is an appeal by appellant, Wesley Earl Doolittle, III, from the February 25, 2025 judgment of the Wood County Court of Common Pleas. For the reasons that follow, we reverse the trial court's judgment and remand the matter to the trial court.

{¶ 2} Appellant sets forth two assignments of error:

1. Appellant's waiver of trial by jury is invalid.

2. Appellant's conditional release commitment for a period of twelve years is contrary to law.

## Background

{¶ 3} On June 5, 2024, Doolittle was charged by indictment with felonious assault, a felony of the second degree. He was subsequently arraigned and a plea of not guilty by reason of insanity ("NGRI") was filed on Doolittle's behalf. Also filed on Doolittle's behalf was a motion for a competency evaluation with a request for a mental health assessment. Following a competency evaluation, Doolittle was found competent to stand trial, and he was ordered to undergo an NGRI evaluation.

{¶ 4} On October 22, 2024, Doolittle signed a Waiver of Trial by Jury form, and an NGRI hearing was held. The transcript of that hearing shows the following occurred, with respect to the jury trial waiver:

> THE COURT: [T]his is an evidentiary hearing. It's pretty much a mini trial but it would be tried to the Court. My understanding is that past practices have been that the defendant would waive a jury. Was there a waiver of that?
>
> DEFENSE COUNSEL: There is, Judge. And we waited to sign it in open court, but I did review that with him.
> May I approach with the waiver, Judge?
>
> THE COURT: Yes, please. Thank you.
>
> DEFENSE COUNSEL: Thank you.
>
> THE COURT: All right. I do have a waiver of trial by jury on the matter and it does appear to be signed by Mr. Doolittle as well as [the prosecutor] and [defense counsel].
> And so, [defense counsel], did you go over with Mr. Doolittle his right to a trial by jury on this matter?

2.

DEFENSE COUNSEL: I did, Your Honor. And we discussed what was going to happen today and what I believe the ultimate outcome was going to be. And he was in a position to waive the jury trial today.

THE COURT: All right. Thank you. So the Court accepts the waiver of trial by jury. The matter will be tried to the Court. . .

{¶ 5} The trial court found that Doolittle committed felonious assault beyond a reasonable doubt, and that he was insane at the time he committed the offense. The court ordered that an evaluation on the least restrictive environment placement be completed. A hearing was then held on the least restrictive placement. Thereafter, Doolittle was granted conditional release into a group home after the approval of a conditional release plan. The trial court placed Doolittle under the conditional release plan for 12 years. Doolittle appealed.

### First Assignment of Error

{¶ 6} Doolittle argues that his waiver of trial by jury was invalid.

### Law

{¶ 7} "The accused's right to be tried by a jury is secured in this state by Section 10, Article I of the Ohio Constitution and R.C. 2945.17." *State v. Tate*, 59 Ohio St.2d 50, 51-52 (1979). Ohio Constitution, Article I, Section 10 states, in pertinent part that "[i]n any trial, in any court, the party accused shall be allowed to appear and defend . . . and to have . . . a speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed . . ."

{¶ 8} Before trial, an accused "may knowingly, intelligently and voluntarily waive in writing his right to trial by jury." Crim.R. 23(A). The method for an effective waiver

3.

is set forth in R.C. 2945.05, which states a "waiver [of trial by jury] by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof. . . Such waiver of trial by jury must be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel. . ." Hence, there are five requirements which must be met in order for a waiver to be valid - the waiver "must be (1) in writing, (2) signed by the defendant, (3) filed, (4) made part of the record, and (5) made in open court. *State v. Lomax*, 2007-Ohio-4277, ¶ 9. "To satisfy the 'in open court' requirement in R.C. 2945.05, there must be some evidence in the record that the defendant while in the courtroom and in the presence of counsel, if any, acknowledged the jury waiver to the trial court." *Id.* at ¶ 49. Thus, the trial court must personally address the accused and obtain an acknowledgment of the jury waiver in open court. *State v. Banks*, 2019-Ohio-5440, ¶ 21 (10th Dist.).

{¶ 9} Strict compliance with the clear and unambiguous requirements of R.C. 2945.05 is required for an effective waiver of an accused's right to a jury trial. *State v. Reese*, 2005-Ohio-3806, ¶ 9, citing *State v. Pless*, 74 Ohio St.3d 333, 339-340 (1996) and *Tate* at 50. In the absence of evidence of strict compliance with R.C. 2945.05, a trial court lacks jurisdiction to try the accused without a jury. *Reese* at ¶ 9, citing *Pless* at 339. What is more, the waiver of a trial by jury may not be presumed from a silent record. *State v. Osie*, 2014-Ohio-2966, ¶ 45, citing *State v. Foust*, 2004-Ohio-7006, ¶ 52.

### Standard of Review

{¶ 10} We review an appellant's right to a jury trial de novo, as it is a question of law. *State v. Lear*, 2018-Ohio-1874, ¶ 10 (6th Dist.).

4.

**Argument and Analysis**

{¶ 11} Doolittle argues that the purported jury trial waiver was not made in open court. He asserts that although he was in the courtroom and he was in the presence of counsel, he did not acknowledge the jury waiver to the trial court. He contends that at no time did the court address him personally about any matter concerning the NGRI hearing. He maintains that a jury waiver must be made in open court, and to satisfy that requirement, there must be some evidence in the record that the defendant while in the courtroom and in the presence of counsel acknowledged the jury waiver to the trial court. In support, he cites to *Lomax*, 2007-Ohio-4277, at paragraph two of the syllabus. Doolittle submits that since he did not acknowledge the purported waiver of his right to trial by jury to the court, the waiver is invalid, and the trial court lacked authority to conduct a bench trial.

{¶ 12} A review of the October 22, 2024 transcript of the NGRI hearing indicates that the trial court never personally spoke with Doolittle, in open court, concerning the waiver of the right to trial by jury. The court did not inquire of Doolittle if he signed the jury waiver form, nor did Doolittle acknowledge or confirm that he wished to waive his right to a jury trial. Rather, the court simply confirmed with defense counsel that Doolittle had signed the jury waiver form.

{¶ 13} Based upon the foregoing and the applicable law, including *Lomax*, we find the trial court did not strictly comply with R.C. 2945.05, specifically the open court requirement, so the jury waiver is invalid. Moreover, in the absence of strict compliance with that statute, the trial court erroneously exercised its jurisdiction by trying Doolittle

5.

without a jury. Therefore, we must reverse Doolittle's conviction. Accordingly, we find Doolittle's first assignment of error well-taken.

## Second Assignment of Error

{¶ 14} Doolittle argues his 12-year conditional release commitment is contrary to law.

{¶ 15} We find this assigned error is rendered moot by our conclusion that the trial court erroneously exercised its jurisdiction by conducting a bench trial without strictly complying with the requirements of R.C. 2945.05. *See* App.R. 12(A)(1)(c).

{¶ 16} The February 25, 2025 judgment of the Wood County Court of Common Pleas is reversed, and the cause is remanded to the trial court for a new trial. Pursuant to App.R. 24, the State is ordered to pay the costs incurred on appeal.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Christine E. Mayle, J.
_____
JUDGE

Gene A. Zmuda, J.
_____
JUDGE

Myron C. Duhart, J.
CONCUR.
_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.